RYNER *v.* DUKE *et al.*

No. 16862. JANUARY 10, 1950. REHEARING DENIED JANUARY 18, 1950.

*Davis & Friedin,* for plaintiff. in error.

*Benjamin Zeesman* and *George M. Mixon,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) A judgment may be arrested only for defects not amendable, appearing on the face of the record. Code, § 110-702. If a judgment can be arrested it is always void. *Chapman* v. *Taliaferro,* 1 *Ga. App.* 235, 238 (58 S. E. 128). Our former decision (*Ryner* v. *Duke,* 205 *Ga.* 280), shows that the trial court was deprived of jurisdiction after the verdict of the jury had conclusively eliminated both of the resident defendants. Since neither of those defendants nor the petitioner has excepted to that verdict, it has become the law of the case, and all parties are bound thereby. In our previous opinion it was said: "It has frequently been held that where a non-resident is sued jointly with a resident in the county of the latter's residence, and on the trial the proof shows that the plaintiff is not entitled to recover against the resident defendant, the court, in that suit, can grant no relief against the non-resident defendant. *Fowler* v. *Southern Airlines, Inc.,* 192 *Ga.* 845; 851 (16 S. E. 2d, 897), and cit."

While there would seem to be no legal basis upon which the motion by Ryner in the present case could be made or sustained, since by the record in the case it had become legally impossible for any judgment against him to be rendered therein—and for this reason the court would have been authorized to deny the motion—yet the judgment now under review went beyond that motion and, in the absence of any motion for a new trial, ordered a new trial of the entire proceedings. In thus ordering

a new trial regardless of the circumstances of the record, the trial court erred.

In ordering a new trial, the trial court impinged upon the fixed rights of the resident defendants. It undertook also to adjudge that the court had jurisdiction of the non-resident defendant Ryner. Under the law it could not do this, and the judgment must be reversed, since the record shows that the court is wholly without jurisdiction of the only remaining defendant.

Since it appears that there has been some difficulty in understanding the legal significance of an arrest of a judgment, and in order to avoid further confusion, it is directed that judgment be entered dismissing the proceedings upon the ground that the court is without jurisdiction.

*Judgment reversed with direction. All the Justices concur.*