23802. MASON et al. v. CARTER.

ARGUED DECEMBER 14, 1966—DECIDED JANUARY 6, 1967.

*Bradford, Maddox & Baird, Kermit C. Bradford,* for appellants.

*Grant, Spears & Duckworth, William G. Grant,* for appellee.

MOBLEY, Justice. Mrs. Opal Carter sought a declaratory judgment to establish that she is the owner of a 1/2 undivided interest in certain residential property subject to a life estate reserved by defendant, Mrs. Allie R. Mason. By amendment to her petition, plaintiff sought to join Mrs. Gladys Johnson as a party defendant on the ground that Mrs. Mason had purported to convey to her by two deeds the entire interest in the property for the purpose of defrauding plaintiff by depriving her of her 1/2 undivided interest in it and prayed for cancellation of the deeds. After hearing testimony and the introduction of documentary evidence the trial judge granted a directed verdict in favor of the plaintiff. The appeal is from the order directing the verdict.

■ The first question is whether the evidence demanded the direction of a verdict in favor of the plaintiff. *Code Ann.* § 110-104; *Security Life & Trust Co. v. Smith,* 220 Ga. 744,

747 (2) (141 SE2d 405); *Kesler v. Kesler,* 219 Ga. 592 (1) (134 SE2d 811); *Smallpiece v. Johnson,* 210 Ga. 310 (1) (80 SE2d 296); *City of Abbeville v. Jay,* 205 Ga. 743 (55 SE2d 129). The uncontradicted evidence shows that in 1939 Mrs. Allie R. Mason conveyed a house and lot by warranty deed to her daughter and her daughter's husband, Mr. and Mrs. Clyde Wills, and expressly reserved to the grantor a life estate with the right of possession during her natural life. The deed was given in consideration of "love and affection and other valuable considerations," the grantees agreeing to pay the balance then due on the loan against the property.

Clyde Wills divorced his wife, Mrs. Mason's daughter, in January, 1942, and married the appellee in June, 1942. Wills died in 1947, leaving as his sole heir at law, his widow, the appellee, who has since remarried and is now Mrs. Opal Carter.

In 1953, six years after the death of Wills, Mrs. Mason brought an action to cancel the deed as to Wills' 1/2 undivided interest in the property, naming Wills as the only defendant "whose present whereabouts is unknown," and service was by publication. Upon obtaining a decree canceling Wills' interest in the property, Mrs. Mason's daughter, now Mrs. Gladys Johnson, conveyed to her mother her 1/2 undivided interest in the property.

Defendant, Mrs. Mason, filed an answer to the petition in the present proceeding alleging that she had conveyed the property by warranty deed to her daughter, Mrs. Johnson, two months prior to the filing of the petition by appellee. Thereupon, appellee filed an amendment to her petition praying that Mrs. Johnson be made a party defendant and that the deed executed by Mrs. Mason to Mrs. Johnson conveying the interest she claims be set aside.

Both Mrs. Mason and Mrs. Johnson testified that the deed to Mrs. Johnson was merely voluntary in nature so that Mrs. Johnson could gain an advantage on her income tax.

It is patently clear that the court which rendered the decree in 1954 canceling Clyde Wills' interest in the property was without jurisdiction to so rule. The sole defendant in that proceeding, Wills, had been dead for six years and the court

obviously had no jurisdiction over his person or over his heirs or personal representative. A judgment of a court having no jurisdiction of the person is void and a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. *Code* §§ 110-701, 110-709.

Under the foregoing evidence, which was undisputed, the trial court properly directed a verdict in favor of appellee to the effect that the decree canceling Wills' interest in the property be declared null and void and of no effect and declaring that she, as Wills' sole heir, succeeded to his interest in the property at his death and is the owner of a 1/2 undivided interest therein subject to the life estate reserved in favor of Mrs. Mason. The direction of a verdict was proper despite the conveyance of the property by Mrs. Mason to her daughter, Mrs. Johnson, since this conveyance was shown to have been purely voluntary and hence Mrs. Johnson was not a purchaser for value and cannot now assert the defense that she took the property without notice of appellee's interest therein. The trial court was authorized to direct a verdict canceling the conveyance from Mrs. Mason to her daughter, Mrs. Johnson, as to the 1/2 undivided interest which appellee succeeded to as the heir of Wills.

■ Appellants' contention that appellee's suit is barred by the statute of limitation is without merit. The Georgia statute dealing with void judgments, *Code* §§ 110-701, 110-709, excepts an attack on a judgment on the ground that it is void from the bar of the statute of limitation by its express terms that a judgment may be held void "when it becomes material to the interest of the parties to consider it." With the exception of *Homburger v. Homburger*, 213 Ga. 344 (99 SE2d 213), not a full-bench decision of this court, this court has consistently allowed attacks on judgments on the ground that they are void at any time, however long after the rendition of the judgment. See *Dunn v. Dunn*, 221 Ga. 368 (2b) (144 SE2d 758); *Foster v. Foster*, 207 Ga. 519 (5) (63 SE2d 318).

Furthermore, there is no showing that appellee had knowledge of the 1954 decree or that she knew Mrs. Mason's possession as a life tenant had changed prior to when appellee

first learned of the decree, according to her testimony, just two months before the petition in this case was filed. Hence, there is no ground upon which to base an equitable defense of laches, estoppel or whatever.

■ For the reasons stated in Divisions 1 and 2, the trial court did not err in directing a verdict in favor of the appellee.

*Judgment affirmed. All the Justices concur.*