27410. GRIFFIS v. GRIFFIS.

SUBMITTED SEPTEMBER 12, 1972—DECIDED OCTOBER 5, 1972.

*John S. Boswell, Sr.,* for appellant.

*John T. McTier,* for appellee.

GRICE, Presiding Justice. Susan Darlene Griffis filed a petition for the writ of habeas corpus on November 29, 1971, against Donald Wayne Griffis in the Superior Court of Lowndes County, seeking custody of their minor son.

Her complaint alleged inter alia that she is the natural mother of the child, who is now living in Lowndes County; that the child is being illegally detained from her; that the respondent father "maliciously, secretly, and without just cause came into the State of Florida," where she resides, and took possession of the child by "forcefully removing" him from a public school he was attending; that she is entitled to custody and control as his mother and has at no time released her rights in the matter; and that the father is holding the child "under a pretense that a legal and binding order of the Superior Court of Lowndes County, Georgia gives [him] right of custody of said child, which order and decree petitioner shows is absolutely void and a nullity for the reason that said order was procured as a result of a purported divorce proceeding whereunder service by publication was attempted by [the father]."

The mother further alleged that at the time the above divorce proceeding was filed on June 26, 1971, and throughout the time it was advertised under the law, she had actual possession and custody of the child and consequently the Superior Court of Lowndes County did not have jurisdiction to enter a decree affecting his custody; that the father, because of his immoral actions, lack of employment and inability to spend an appropriate amount of time with the child should not have custody of him; and that she is in

a much better position to care for and look after his needs.

The father's answer denied the essential allegations and attached thereto a certified copy of the divorce decree, rendered during the October term, 1971, showing that service had been perfected on the mother by publication.

Evidence in the habeas corpus proceeding was presented at a hearing on December 21 and 22, 1971, at which temporary custody of the child was granted to the mother.

On January 25, 1972, the court entered an order containing findings of fact, conclusions of law and a final judgment.

These are in relevant part as follows.

The mother and father were married in Florida in 1964 and thereafter moved to Lowndes County, Georgia. They have one son, now aged six years.

The couple separated in November, 1970, when, at the suggestion of the father, the mother and son returned to Florida and the father remained in Georgia. On June 26, 1971, the father filed a suit for divorce in Lowndes County asking for the custody of the child and alleging that the wife was a resident of Florida. Service was had by publication.

On October 5, 1971, a hearing was held in the divorce proceeding at which evidence was presented. The father testified that he was a resident of Lowndes County at the time the divorce suit was filed. The child was present at the hearing and the father testified that the mother no longer wanted his custody and had abandoned him. The court was not advised that there was pending in Florida a suit for divorce filed by the mother seeking custody of the child at that time, or that as of the date of the filing of the father's suit for divorce the child was in the mother's custody in Florida, where he had been since November of 1970 until August 31, 1971, when the father, without the knowledge or consent of the mother, removed the child from a school yard in Florida and brought him to Georgia.

The habeas corpus court found that a suit for divorce brought by the mother was pending in Florida at the time

the father's divorce action was brought in Georgia; that the mother had at all times desired custody of the son, the father's statements to the contrary being untrue and misleading; that based upon the evidence presented at the hearing on October 5, 1971, a divorce was granted and custody of the son awarded to the father; but that the court was misled by the failure of the father and his counsel to advise it of all circumstances relevant to the matter.

Upon consideration of the evidence the habeas corpus court found that the father had moved to Brooks County, Georgia, in April of 1971 and resided there until November of 1971 when he moved to Lowndes County; that he was not temporarily sojourning in Brooks County during his residency there; and that he was a resident of Brooks County for the purposes of *Code Ann.* § 2-4901 relating to divorce suits against nonresidents on the date that he filed a suit for divorce in Lowndes County alleging that his wife was a nonresident of Georgia.

It also found that the Superior Court of Lowndes County did not have jurisdiction of the parties in the suit which purported to award a divorce to the father and gave him custody of the child on October 5, 1971, since he was a resident of Brooks County rather than Lowndes County when that suit was filed and when the decree and judgment were entered.

It held that "such being the case said decree in its entirety is void and a mere nullity and is entitled to no consideration whatsoever in this habeas corpus proceeding. Since said decree is a nullity and no suit for divorce or custody is now pending, the only question by the petition for habeas corpus is whether the welfare of the child would be best insured with custody being in the father or the mother. The court concludes that custody should be in the mother."

Temporary custody of the child was thereupon awarded to the mother pending appeal, "with no limitation as to her rights to remove said child to the State of Florida or other place where she maintains residence." The father was granted reasonable visitation rights.

From this judgment the father appeals.

As we view the enumerations of error, two questions are thus presented: (1) Whether it was error to hold that the divorce decree was void and a mere nullity and entitled to no consideration in the habeas corpus proceeding and (2) whether the habeas corpus court was authorized to award custody of the child to the mother.

1. In holding that the father was a resident of Brooks County, rather than Lowndes County, when the divorce action was filed, the court stated that it considered: (1) admissions of the father in a deposition taken before trial and admitted into evidence without objection that he lived in a trailer park in Brooks County at the time of the divorce proceedings; (2) testimony of the owner of the trailer park that he rented trailer space to the father and a woman he thought was Mrs. Griffis, who occupied the trailer from April 24, 1971, until sometime between October 15 and November 1, 1971; (3) documentary evidence which showed that the father gave the trailer park as his residence address when he purchased a truck in Quitman during the time in question; (4) testimony of the utility billing clerk of Quitman, Georgia, that service was turned on in the father's name at the trailer park on April 23, 1971, and was continuous until November 22, 1971, when it was turned off; (5) the demeanor of the witnesses, including the father; (6) evidence that the son was enrolled in school in Brooks County after the father brought him there from Florida and (7) other corroborating evidence revealed during the habeas corpus hearing.

After reviewing the evidence we agree that the father was a resident of Brooks County when he filed his action for divorce against the mother in Lowndes County, and that the mother was at that time a resident of Florida.

The Georgia Constitution provides that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this state; if the defendant be not a resident of this state, then in the county in which the plaintiff resides . . ." Art. VI, Sec. XIV, Par. I (*Code Ann.* § 2-4901).

This court has consistently and persistently held that "These provisions of the Constitution as thus fixing venue in divorce cases are mandatory, exhaustive, jurisdictional, and without qualification; accordingly, jurisdiction in such cases cannot be conferred upon a court which has none, either by waiver, consent of the parties, default in pleading, or otherwise; and this applies in divorce actions to person as well as to subject matter. [Cits.] And, since no valid judgment can be rendered in a divorce case where the court is without jurisdiction (*Code* § 110-709; [cit.]), it is the duty of the court, when apprised of the fact that it has no jurisdiction, to dismiss the case at any stage of the proceeding, with or without motion therefor. [Cits.]" *Cohen v. Cohen,* 209 Ga. 459, 460 (74 SE2d 95).

*Code* § 110-709 provides that "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." This is true even though there is no prayer that it be so held. *Riley v. Garrett,* 219 Ga. 345 (4b) (133 SE2d 367).

"A void judgment may be attacked in any court and by any person." *Code* § 110-701.

Since it has long been recognized that the writ of habeas corpus is a proper remedy to attack a void judgment, it was not error to hold that the divorce decree was void and a mere nullity and entitled to no consideration whatever in the habeas corpus proceedings.

2. The appellant father contends that the court also erred in holding that since the divorce decree was a nullity, the only question before it was the custody of the minor child; and in awarding temporary custody to the mother.

We do not agree.

The award of custody to the father in the divorce proceedings was not valid. "Under *Code* § 30-127, the court can make a final disposition of the minor children of the parties only when a divorce is granted. [Cit.] This power is incident to the divorce proceeding, and is exercisable only when a

valid divorce is granted between the parties. [Cits.] In this case, since no valid divorce was granted for the reason previously stated, the court was without power to fix custody and control . . ." *Harmon v. Harmon,* 209 Ga. 474 (4) (74 SE2d 75).

Therefore, the habeas corpus court properly ruled that the question of custody of the child was before it.

Such being the case, "'This court has held many times that, in a habeas corpus proceeding involving a contest between parents over the custody of minor children, the award made by the trial judge based upon the evidence, and in the exercise of a sound discretion will not be controlled by this court. This is true for the reason that the law puts upon the trial judge the duty of exercising a sound discretion in such cases, looking always to the best interest and welfare of the children. He has the parties before him, he sees and hears the witnesses testify, and is in a much better position to determine what is in the best interest of the children than is this court, which must rely only upon the record. *Weathersby v. Jordan,* 124 Ga. 68 (2) (52 SE 83).' *Good v. Good,* 205 Ga. 112, 114 (52 SE2d 610)." *Hobby v. Eubanks,* 224 Ga. 51 (1) (159 SE2d 701); *Code Ann.* § 74-107.

The evidence here showed that the father was living in a trailer in Brooks County with a woman who was not his wife, and that the child was brought there to live with them when he was taken from the mother in Florida.

The court concluded from this and other evidence that the mother was gainfully employed, that as between the parents, "the mother is in a much better position to care for said child than the father, that the child was taken from her against her will, and that she should have custody of said child."

We find no abuse of discretion.

*Judgment affirmed. All the Justices concur.*