## 29387. WASDEN v. RUSCO INDUSTRIES, INC. et al.

UNDERCOFLER, Presiding Justice.

The circumstances culminating in the present appeal are stated first.

In 1964 Rusco Industries, Inc., was considering the establishment of a metallic manufacturing plant in Jenkins County under a lease arrangement with the Jenkins County Development Authority. The Board of Commissioners of Jenkins County advised Rusco that no local tax would be levied upon the equipment in such plant for five years, nor upon any property held by the Authority during the lease period.

The commissioners gave this assurance in part allegedly upon legal advice that if the provisions of Code § 92-206 were complied with "the building or equipment should be exempt for a period of five (5) years." Code § 92-206 codifies a 1925 Act which implements a provision of the Constitution of 1877 authorizing a five year ad valorem tax exemption for certain industries upon approval by local referendum. Jenkins County voters authorized such exemptions in 1938. As will appear later appellant here, W. T. Wasden, contends that the 1945 Constitution abolished the granting of any such exemption. Code Ann. §§ 2-5404, 2-5405. In November, 1965, Rusco leased a twenty acre tract of land in Jenkins County from the Jenkins County Development Authority. The following year it located thereon a metallic manufacturing plant. It claims it established its plant in Jenkins County because of the tax exemption it would receive. The plant conducts its business as Look Products, Inc., a division of Rusco Industries, Inc.

In 1972 the Jenkins County Development Authority proposed a bond issue for expansion of the plant. In December, 1972, the appellant here, W. T. Wasden, a citizen and taxpayer of Jenkins County, intervened in the bond validation proceeding, action No. 1678, and objected thereto. The basis of his objection was that Rusco was receiving discriminatory ad valorem tax benefits under its lease arrangement with said Authority. In January, 1973, these objections were overruled. No appeal was taken. The transcript of this proceeding is not included in

the record of the instant case here on appeal.

In April, 1973, W. T. Wasden brought a mandamus action, No. 1752, against the Jenkins County Tax Assessors to require them to assess the leasehold interest of Rusco for the years 1966 through 1973. Rusco intervened and claimed a five year exemption under the provisions of Code § 92-206. On May 18, 1973, the trial court ordered the assessment and dismissed the intervention. No appeal was taken. The transcript of this proceeding is not included in the record of the instant case here on appeal. The property was assessed and tax notices were issued to Look Products, Inc., Division of Rusco Industries, Inc., for the years 1966 through 1972.

Thereafter in July, 1973, Rusco brought an action, No. 1805, against the Tax Commissioner and Sheriff of Jenkins County seeking to enjoin them from collecting taxes for the years 1966 through 1970. It contended it was entitled to a five year tax exemption under the provisions of Code § 92-206. The defendants filed a defense that the 1945 Constitution abolished such tax exemption. The trial court entered the following order: "Upon consideration of the pleadings in the above styled action and the applicable law, it is hereby ordered and adjudged that the defendants be permanently enjoined from collecting from Look Products, Inc., a division of Rusco Industries, Inc., any taxes which appear on the records of the Jenkins County Tax Commissioner for the years 1969 and all preceding years. It is further ordered and adjudged that within ten days from the entry of this order, petitioner pay to the Jenkins County Tax Commissioner the taxes and interest thereon shown to be due from Look Products, Inc., for the year 1970, and that within twelve months from the date herein that petitioner pay to said Jenkins County Tax Commissioner all taxes shown to be due from petitioner for the years 1971, 1972, and 1973 with interest thereon. This 5 day of November, 1973."

No appeal was taken.

In February, 1974, appellant, W. T. Wasden, filed action No. 1959, which is here on appeal, against appellee, Rusco Industries, Inc., and the Tax Commissioner and Sheriff of Jenkins County. Wasden asserted that Rusco is not entitled to said tax exemption because such

exemptions were abolished by the 1945 Constitution. He sought to set aside the judgment in action No. 1805 which enjoined the Tax Commissioner and Sheriff from collecting taxes for the years 1969 and preceding years. Motions for summary judgment were filed by both appellant and appellee. The trial court entered the following order: "Motions for Summary Judgment were filed in the above case by the plaintiff, W. T. Wasden, and the defendant, Rusco Industries, Inc. Both motions were for judgment on the pleadings. After hearing oral argument and consideration of the briefs filed in said case; It is the judgment of the Court: 1. The motion for summary judgment on the pleadings filed by Rusco Industries, Inc., is granted. 2. The motion for summary judgment on the pleadings filed by W. T. Wasden is denied. It is my opinion that the proper construction of Art. VII, Sec. I, Par. V of the 1945 Constitution of Georgia, (Code Ann. § 2-5405) is that the exemptions from taxation specified in the Constitution of 1877 are carried forward to the Constitution of 1945 and that existing exemptions at the time of and after the latter's adoption continued to be available to the classes of industries listed in the old Constitution. Code Ann. § 2-5405 is entitled 'Exemption of certain industries *continued*' (emphasis supplied). The word 'exemption' means a right or privilege. It need not be in existence or exercised. Therefore, I do not believe that the power to extend these rights was repealed by the Constitution of 1945 provided the election provision in Code § 92-206 et seq. are followed even though the election was held prior to the adoption of the 1945 Constitution. No material changes in the election laws set out in Code § 92-206 et seq. appear to have been made since the adoption of the new Constitution. Therefore, it is my opinion that the exemptions set out in the old Constitution still exist, provided the election has been held and the election has not been disputed. Therefore, it is ordered that judgments are granted as above set out. This 10th day of September, 1974."

Wasden appeals the order granting Rusco's motion for summary judgment. He contends the judgment entered in action No. 1805 is void on its face and should be set aside. *Held:*

1. Art. VII, Sec. II, Par. II-a of the Constitution of 1877 (Amendment ratified November 4, 1924) provided: "Any person, natural or artificial, a resident of this State, who may after January 1st, 1924, build, equip, establish or enlarge a plant for the manufacture or processing of . . . metal, metallic or nonmetallic mineral or combination of same . . . may, as to such building, enlargement, or equipment, be exempt from all county, incorporated town or city ad valorem taxes for a period of time not exceeding five years from the date of the beginning of the building, enlargement or equipment of such plants. The legislature is herewith empowered to make provisions for the operation of this paragraph by appropriate legislation, provided such exemptions shall be approved by a majority of the electors voting in such county." (Code § 2-5003 (Const. 1877).

By Ga. L. 1925, p. 259, the legislature provided for the operation of this constitutional provision. Unfortunately the present codification of the 1925 Act appearing as Code § 92-206 et seq. indicates that the exemption is under the authority of Art. VII, Sec. I, Par. V of the 1945 Constitution (Code Ann. § 2-5405). In fact, this provision of the 1945 Constitution is not authority for an industry exemption. On the contrary it provides, "Existing exemptions under the amendment to the Constitution providing for the exemption of certain industries from taxation appearing in Acts of the General Assembly of 1923, extra session, page 67, ratified November 4, 1924, shall continue of force until the expiration of the term for which granted." Code Ann. § 2-5405.

Art. VII, Sec. I, Par. IV of the 1945 Constitution (Code Ann. § 2-5404) provides: "All laws exempting property from taxation, other than the property herein enumerated, shall be void."

An industry exemption such as claimed here is not enumerated. Reading these constitutional provisions together it is clear in our opinion that the industry exemptions authorized by the amendment to the 1877 Constitution were abolished by the 1945 Constitution except that five year exemptions which had been granted to specific industries would continue to their expiration

date. Accordingly no exemptions could be granted after the adoption of the 1945 Constitution. This conclusion is supported by the deliberations of the 1945 Constitutional Commission. Records of Constitutional Commission 1943-44, Vol. I, pp. 407, 408 show: "Chairman Arnall, Mr. Atkinson moves and Mr. Harris seconds the motion that Paragraph 2-5003 of the present Constitution be carried over. You have heard the discussion, is there any further discussion? If not, the question is on the motion, whether we give the five year exemption or not. He wants the five year exemption. So many as favor the amendment to retain the five year exemption make it known by saying 'aye', opposed 'no.' The noes seem to have it, and it is so ordered, with a provision from the Commission that the Chairman of the Sub-Committee and his committee will prepare some necessary language to guarantee completion of the exemptions already extended to industries." Thereafter the 1945 constitutional provision cited above as Code Ann. § 2-5405 was adopted. It follows that Jenkins County had no authority to grant Rusco the tax exemption it claims here.

2. Wasden attacks the judgment in action No. 1805 directly as being void on its face. He was not a party to that case. He brings this action as a citizen and taxpayer of Jenkins County. Immediately two questions arise. First, whether the judgment is void on its face. Second, whether Wasden has sufficient interest to maintain the action.

Prior to the adoption of the Civil Practice Act (Ga. L. 1966, p. 609), a judgment was void on its face when there was a non-amendable defect appearing upon the face of the record or pleadings which was not cured by verdict or judgment. This rule was applicable in determining a motion to set aside or a motion in arrest of judgment and it was said that a judgment was void on its face when it would have been subject to such a motion had the complainant been a party to the original suit. *Deck v. Shields,* 195 Ga. 697, 702 (25 SE2d 514); *Ryner v. Duke,* 206 Ga. 408 (57 SE2d 171). Under the Civil Practice Act notice pleadings have been adopted and the rules for determining motions to set aside judgments have been altered. See Code Ann. § 81A-160(d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). As an example, evidence

may now be introduced on a motion to set aside a judgment for lack of jurisdiction of the person or subject matter. Code Ann. § 81A-160 (d). (Ga. L. 1974, p. 1138). Consequently, it can no longer be said a judgment is void on its face when it would have been subject to a motion to set aside. Nevertheless, the fundamental rules for determining when a judgment is void on its face are still valid and only need to be adjusted to notice pleading. Therefore we conclude that a judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed.

Under this criteria it is clear that the judgment in action No. 1805 is void. The pleadings claim an industry tax exemption under a law which was abolished by the 1945 Constitution. There was simply no authority to grant the tax exemption claimed. On the contrary the 1945 Constitution prohibits such an exemption. The judgment is not just an erroneous conclusion of law. It is a judgment for a non-existent legal claim. See *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 270 (121 SE 648). The pleadings here affirmatively show that no claim for tax exemption existed nor was permissible and the judgment therefore is void on its face. *Franklin County v. Crow,* 128 Ga. 458 (57 SE 784); *Deck v. Shields,* 195 Ga. 697, supra.

We conclude also that Wasden as a citizen and taxpayer of Jenkins County may attack the judgment.

The rules permitting attacks upon judgments are designed to accommodate the desire to achieve justice and the practical necessity of bringing litigation to an end. To accomplish this Georgia has drawn a distinction between judgments which are void on their face and judgments which may be shown to be void for other causes. Except for certain statutory exceptions (Code § 110-711) judgments which are void for causes not appearing on their face may only be attacked directly and only by parties to the judgment or their privies. Code Ann. § 81A-160. *Thomas v. Lambert,* 187 Ga. 616 (1 SE2d 443). However, a judgment void on its face may be attacked in any court by any person when it becomes material to the interests of

the parties to consider it. Code Ann., §§ 81A-160 (a), 110-709. An attack upon a void judgment may be made directly in equity or collaterally. *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267). The question then is whether Wasden has a material interest in the judgment. In our opinion he has. He is a citizen and taxpayer of Jenkins County. Each taxpayer in Jenkins County is required to pay his proper share of the taxes levied there. Each taxpayer has an interest in seeing that no other taxpayer is illegally exempted from the payment of such tax. An illegal exemption places a greater tax burden upon those taxpayers being required to pay. We recognize that the attempted grant of the tax exemption by Jenkins County was motivated by an interest in furthering the industrial development of the community and in the belief that the exemption was authorized. However, the exemption was not authorized and the judgment in action No. 1805 declaring otherwise is void on its face. Wasden may attack such judgment because it is material to his interest to have it vacated.

3. "There is a substantial difference between a void judgment and a voidable judgment, as the latter is binding until reversed or set aside, while the former is void ab initio whenever the defect is apparent on its face. A void judgment is a mere nullity and has no vital force under any consideration or at any time. There is no presumption of validity. Since this is true, such a judgment may be attacked in any court and by anybody whenever it becomes necessary. Nothing can occur which will give the judgment life, and even if an execution has been issued upon it, it may still be attacked. Statutes of limitation have no application to this class of judgments, and there can be no bar, estoppel or limitation as to the time when a void judgment may be attacked." Georgia Procedure and Practice (1957), Leverett, Hall, Christopher, Davis and Shulman, § 21-4, p. 453. See *Mason v. Carter,* 223 Ga. 2 (153 SE2d 162). *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (1) (193 SE2d 852).

4. The denial of appellant's motion for summary judgment is not properly presented for decision. *Souter v. Carnes,* 229 Ga. 220 (4) (190 SE2d 69).

*Judgment reversed. All the Justices concur. Hill, J., not participating.*

ARGUED NOVEMBER 13, 1974 — DECIDED JANUARY 7, 1975.

*Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellant.

*Oliver, Maner & Gray, James L. Pannell, J. P. Cheney,* for appellees.