### 30129. WATSON v. WATSON.

HALL, Justice.

This is an appeal from the grant of a summary judgment setting aside a divorce decree. The undisputed evidence shows that at the time of the divorce, Mr. Watson (hereinafter referred to as "husband") sought a divorce in Georgia from Mrs. Watson (hereinafter, "wife") who resided at that time in Virginia. She was to be served in the action by publication pursuant to Code Ann. § 81A-104e, though she was also entitled under that section to be notified by mail because husband knew her Virginia address. In his divorce petition he stated her

address to be 802 30th St., Norfolk, Virginia, when in fact the correct address was 802 E. 30th St., Norfolk, Virginia. The letter of notification was mailed to her at the incorrect address and was returned to the court, she never having received it. Subsequently, the requirements of publication were performed and the divorce decree issued, in reliance upon which husband remarried.

Six months after the divorce decree wife filed a complaint in equity pursuant to Code Ann. § 81A-160e to set aside the judgment for husband's alleged fraud in misstating the address. Allegations of fraud were subsequently withdrawn, and her equitable petition proceeded on the basis of mistake, while he defended primarily by asserting laches. She moved for summary judgment in the trial court and, following a hearing at which husband and wife testified and the testimony of husband's superior military officer was stipulated by consent, the trial court granted her motion setting the judgment aside on the ground that she was never properly served. This is his appeal, and a stipulated narrative of the evidence below is here in lieu of a transcript.

The evidence before the superior court was stipulated to include the following facts: Wife, who resided in Virginia, had urged and harassed husband to divorce her so that she might claim welfare benefits in Virginia in excess of the amount he provided her for child support, though he provided more than military standards suggested for someone of his pay scale; she had telephoned his superior officer asking that husband be urged to obtain the divorce; wife had asked husband to address all correspondence to her at her mother's home at 802 E. 30th St., Norfolk, Virginia, rather than at the address of her own apartment; husband was a native of Trinidad and had some difficulty with English; when he reviewed and verified as true the allegations of the divorce petition which his attorney drew, he failed to notice that through error the E had been omitted from the address; as a result wife received no notice of the divorce; though the divorce petition acknowledged a child of the marriage, the decree subsequently rendered contained no provision for child support or for alimony; wife subsequently filed the instant petition to set the decree

aside some six months after its rendition without explanation for the delay; following the divorce and prior to the institution of wife's suit in equity, husband had remarried and at the time of the hearing stated that he and his new wife thought they might be expecting a child of the marriage; husband denied that he intentionally misstated wife's address and said the misstatement was accidental; he testified that he had no notice that the attempted service by mail upon wife had failed and the envelope had been returned, and that had any official of the court so informed him he would have corrected the situation and given her notice.

Provisions on service by publication upon a nonresident defendant in divorce proceedings are strictly construed and a failure to comply with the provisions renders the decree void for lack of jurisdiction over the person. *Baker v. Baker,* 215 Ga. 688 (1) (113 SE2d 113); Code Ann. § 81A-160f. However, an equitable attack upon the void decree may be defended against with equitable defenses. *Sikes v. Sikes,* 231 Ga. 105 (200 SE2d 259); *Corder v. Fulton Nat. Bank,* 223 Ga. 524, 525 (156 SE2d 452); *Musgrove v. Musgrove,* 213 Ga. 610 (100 SE2d 577); Restatement, Judgments § 127 (1942). Laches is an equitable defense. *Sikes v. Sikes,* supra; *McConnell v. McConnell,* 135 Ga. 828, 831 (70 SE 647). Anything to the contrary expressed in *Mason v. Carter,* 223 Ga. 2 (153 SE2d 162), is disapproved and will not be followed. To have equity relieve from a judgment whether void or valid, the complaining party must take prompt action upon discovery of the pertinent facts, to avoid the defense of laches which may apply if the delay has prejudiced third parties. Restatement, Judgments § 129 (a) and (b) and comment thereto (1942). See *Anderson v. Crawford,* 147 Ga. 455 (94 SE 574). The wife made no showing on her motion for summary judgment that she proceeded promptly upon the discovery of the relevant facts. Therefore, the trial court erred in granting her a summary judgment.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED JULY 8, 1975 — DECIDED SEPTEMBER 12, 1975.

*John E. Pirkle, Hudgins & Neale, C. T. Neale, III,* for appellant.
*A. G. Wells,* for appellee.