## 40249. COKER v. COKER.

MARSHALL, Presiding Justice.

On November 4, 1982, the appellee former wife filed a no-fault petition for divorce against the appellant former husband in the Gwinnett Superior Court. In this petition, the appellee averred that the parties had entered into a settlement agreement of all issues of child custody, support, and property division, and it was requested that this agreement be incorporated into the final divorce decree. Filed with the petition was a document executed by the appellant acknowledging service of the petition and jurisdiction, waiving any and all additional notice or service, and requesting that the matter be heard without the assistance of a jury at the earliest possible date.

On December 15, a hearing on the petition was conducted, with the appellant and the appellee present. At this hearing, the trial judge granted the parties a divorce, but the judge refused to incorporate their settlement agreement into the final decree. The judge informed the parties that he would consider an amended agreement, and if one could not be reached he would conduct a final hearing in a few months on the issues reserved. The judge advised the appellant to obtain representation by an attorney.

However, after the December 15 hearing, the appellant refused to engage in any settlement negotiations. He did not file any responsive pleadings, and he did not notify anyone of his address or telephone number.

The final hearing was held on March 28, 1983. The appellant did not enter an appearance. After the hearing, a final judgment was entered. One of the provisions of this judgment requires the appellant to maintain a policy of life insurance on his life with the appellee as beneficiary until such time as the appellant is no longer obligated to pay child support to the appellee. Another provision states that

neither party shall pay any alimony to the other.

On May 3, the appellant filed this motion to set aside final judgment and motion for new trial, on grounds that he failed to receive notice of the March 28 hearing and that the requirement that he maintain life insurance on his life is invalid. The foregoing motions were denied. We granted the appellant's application to appeal. *Held:*

The appellant waived his right to notice of the hearing by failing to file responsive pleadings after being informed that the settlement agreement was being rejected by the trial judge and that another hearing would be held on the issues reserved. See *Hardwick v. Hardwick,* 245 Ga. 570 (266 SE2d 184) (1980) and cits.

However, we do agree that if the appellant had not waived his right to notice of the hearing, in all probability this lack of notice would have constituted a "nonamendable defect which does appear upon the face of the record or pleadings," thus authorizing a setting aside of the judgment under OCGA § 9-11-60 (d) (Code Ann. § 81A-160). See *Brown v. C & S Nat. Bank,* 245 Ga. 515 (265 SE2d 791) (1980); *Hamrick v. City of Calhoun,* 243 Ga. 716 (256 SE2d 599) (1979).

The appellant argues that he is nonetheless entitled to have the judgment set aside under § 9-11-60 (d) (Code Ann. § 81A-160), because the life-insurance provision of the divorce decree constitutes a legally unauthorized attempt to involuntarily extend his child-support obligations beyond his death. In this regard, cf. *Clavin v. Clavin,* 238 Ga. 421 (233 SE2d 151) (1977) with *Ritchea v. Ritchea,* 244 Ga. 476 (2) (260 SE2d 871) (1979). We conclude that even if the trial judge made, in effect, a mistake of law by including the life-insurance provision into the divorce decree, this does not constitute a ground for setting aside the decree. See *Todd v. Dekle,* 240 Ga. 842 (242 SE2d 613) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1983.

*Paul M. Hoffman,* for appellant.
*Quentin Henderson, Jr.,* for appellee.