### 69303. SMYRNA MARINE, INC. v. STOCKS.
(323 SE2d 286)

BANKE, Presiding Judge.

The appellant sued to recover actual and punitive damages, interest, and attorney fees based on the appellee's alleged conversion of a boat, motor, and trailer. On November 30, 1979, the trial court awarded the appellant summary judgment for $3,500 in actual damages, $347 in pre-judgment interest, $25,000 in punitive damages, and $1,000 in attorney fees. That judgment was not appealed. On April 2, 1984, the appellee moved to set the judgment aside based on the alleged existence of a nonamendable defect appearing on the face of the record. The trial court granted this motion with respect to the award of punitive damages but otherwise denied it. We then granted the appellant's application for an interlocutory appeal. *Held:*

1. Because the motion to set aside was filed four and one-half years after the entry of the judgment and because it alleged no jurisdictional defect, it would appear at first blush to have been barred by OCGA § 9-11-60 (f), which provides, in pertinent part, as follows: "A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time . . . *In all other instances, . . . proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of.*" (Emphasis supplied.) See also OCGA § 9-3-21. However, in *Wasden v. Rusco Indus.*, 233 Ga. 439, 445 (211 SE2d 733) (1975), the Supreme Court held that " '[s]tatutes of limitation have no application to [void] judgments, and there can be no bar, estoppel or limitation as to the time when a void judgment may be attacked.' " The court further held that "a judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed." Id. at 444. See also *Ricks v. Liberty Loan Corp.*, 146 Ga. App. 594 (1 & 2) (247 SE2d 133) (1978) (cert. den.).

The language used in *Wasden* to specify when a judgment is void on its face is virtually identical to the language used in OCGA § 9-11-60 (d) to specify when a judgment is subject to being set aside due to

a nonamendable defect apparent on the face of the record. In construing this language, both this court and the Supreme Court have tended to disregard the proviso that the pleadings must affirmatively show that no claim in fact existed. See, e.g., *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (1) (269 SE2d 426) (1980) (holding that an order denying a motion for new trial was properly set aside based on the court's failure to notify the appellant of the decision); *Beach's Constr. Co. v. Moss*, 168 Ga. App. 462 (309 SE2d 382) (1983) (holding that the failure of counsel or a party acting pro se to *receive* notice of trial was such a defect as would authorize the setting aside of a judgment against that party); *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525 (258 SE2d 139) (1979) (holding that the failure to endorse the defendant creditor's answer on a personal property foreclosure petition was a nonamendable defect rendering the judgment subject to a motion to set aside); *Redding v. Commonwealth of America*, 143 Ga. App. 215, 216 (1) (237 SE2d 689) (1977), disapproved on other grounds in *Wise, Simpson &c. Assoc. v. Rosser White &c., Inc.*, 146 Ga. App. 789, 795-796 (247 SE2d 479) (1978) (holding that the failure to conduct a jury trial was a nonamendable defect where no waiver of jury trial appeared of record). See also *Coker v. Coker*, 251 Ga. 542 (307 SE2d 921) (1983); *Scott v. W. S. Badcock Corp.*, 161 Ga. App. 826 (289 SE2d 769) (1982). In light of this history of construction of the language of the statute, we interpret *Wasden v. Rusco Indus.*, supra, to mean that a judgment is always to be considered void if there is a nonamendable defect apparent on the face of the record, whether or not the pleadings affirmatively show that no claim in fact existed. It necessarily follows from the holding in *Wasden* that, notwithstanding OCGA § 9-11-60 (d & f), such a judgment is always subject to attack by motion to set aside, regardless of the length of time it has been in existence.

2. The record in the case before us reveals no waiver by the appellant of his right to jury trial; and, of course, in a case where punitive damages are authorized, it is exclusively within the province of the jury to determine whether to award them and how much to award. See generally *Bonds v. Powl*, 140 Ga. App. 140, 142 (230 SE2d 133) (1976). It follows that the award of punitive damages on motion for summary judgment in this case was void on its face; and accordingly the trial court did not err in setting aside that award.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 19, 1984.

*Bruce M. Rubin, Robert P. Hoyt,* for appellant.

*J. Robert Joiner*, for appellee.