A91A1897. HALL v. CAWVEY.
(418 SE2d 77)

JOHNSON, Judge.

This appeal arises from proceedings initiated by the appellant, Curtis Hall, to legitimate and obtain custody of his minor son. The appellee, Betty Ann Cawvey, is the child's maternal grandmother. She is the named defendant in the action and as such counterclaimed for custody based on allegations that Hall is unfit to have custody and control of the child. Following an evidentiary hearing, the trial court granted Hall's legitimation request but awarded permanent custody to Cawvey. (In addition, the court granted Hall certain specified visitation rights and ordered him to pay child support.) The case is before us pursuant to our grant of his application for discretionary

appeal.

The child was born out of wedlock on August 1, 1988, and subsequently lived with the mother in Cawvey's home. The mother died on November 11, 1990, and Hall filed the present action 18 days later. In the interim, Cawvey was named by the probate court as the child's testamentary guardian. Hall, who was 23 years old at the time of the hearing, lives with his mother and an older brother and is employed at an auto body shop operated by the brother. While he had only sporadic contact with the child prior to the filing of the present action, he maintained that this was because the mother and her family initially refused to permit him to see the child. He has engaged in regular visitation with the child since filing the present action.

Hall did not contribute to the support of the child from the date of his birth, on August 1, 1988, until December of 1988, when he agreed to begin making support payments in response to a demand by the Child Support Recovery Unit. He subsequently fell behind in making these payments, with the result that in December of 1989 he was ordered to submit to a payroll deduction for this purpose. There was evidence that another woman became pregnant by him subsequent to the child's birth but thereafter obtained an abortion at her own expense.

It was shown that Hall had been convicted of possession of marijuana in 1986, of DUI and speeding in May of 1990, and of driving with a suspended license in September of 1990. Moreover, in January of 1991, subsequent to the filing of the present action, a vehicle in which he was riding as a passenger was stopped by police based on an anonymous tip that it contained drugs, and a pipe containing marijuana was found under his seat during the ensuing search of the vehicle. However, the driver alone was charged with possession of this contraband, and no charges were brought against Hall as a result of the incident.

Although Hall openly admitted having used marijuana in the past, and although there was evidence that he still associated with others who did so, he testified without contradiction that he had not used the drug during the past two years. Hall further admitted that it was not unusual for him to consume six to ten beers or four to six mixed drinks on a weekend night; however, he asserted that he did not drink during the week and that he never drank at home because his mother did not allow alcohol on the premises.

The Department of Family & Children Services' caseworker assigned by the court to investigate Hall's home testified that it was in excellent condition and that, in her opinion, it provided a safe and healthy environment for the child to be raised in. She further testified: "It is my opinion that Mr. Hall has not always done as he should by his child. He's not always paid support. He's not always spent time

with him, but based on the information I have; he has the capability of doing that. He is paying child support. He is visiting his child. He is willing to provide a safe home. He has thought ahead in terms of day care for his child and in terms of medical care for his child, and there is nothing that I have found that would lead me to believe that he is not fit to assume responsibility." The trial court, however, found as follows: "The court . . . finds by clear and convincing evidence [that] plaintiff is not presently possessed of parenting skills, maturity, responsibility, and stability, and, taking into account plaintiff's past conduct as it bears on plaintiff's present lifestyle and associates, the Court finds plaintiff is unfit to be awarded custody of said child."

1. The trial court found by clear and convincing evidence that the appellant was the biological father of the minor child who was the subject of the petition, and entered an order declaring the child to be legitimate and to be the legitimate child of Curtis Dewayne Hall. No appeal was taken as to that portion of the court's order. Therefore, that portion of the judgment below stands affirmed.

2. "The right to the custody and control of one's child is a fiercely guarded right in our society and in our law. It is a right that should be infringed upon only under the most compelling circumstances." *In re Suggs*, 249 Ga. 365, 367 (291 SE2d 233) (1982). " '(A)n award of child custody to a third party must be based upon more than the "best interests" of the child because such an award is in derogation of the right to custody of the parent, in whose custody the law presumes the child's best interest will be served. Thus, it is only when the present unfitness of the parent is established by clear and convincing evidence that the trial judge is authorized to consider an award of custody to third parties. (Cit.)' . . . [Cit.]" *Mitchell v. Mitchell*, 184 Ga. App. 903, 906 (3) (363 SE2d 159) (1987). Moreover, " '[e]vidence adduced to achieve this standard of proof must pertain to present rather than past misconduct. [Cits.]' [Cit.]" *In re S. E. H.*, 180 Ga. App. 849, 850 (350 SE2d 833) (1986). See generally *Brooks v. Carson*, 194 Ga. App. 365, 368-369 (390 SE2d 859) (1990), and cases cited therein.

While the evidence in this case certainly establishes cause for concern as to whether Hall possesses the emotional and financial resources to care for the child over the long term, we do not believe it has been established by clear and convincing evidence that he is presently unfit to have custody. In particular, we do not believe the few instances of substance abuse and sexual irresponsibility shown by the evidence are sufficient to support a finding of present unfitness on his part, given that this conduct occurred during his late teens and very early twenties, and given further that he has, from all appearances, "cleaned up his act" considerably during the past two years in an effort to demonstrate his readiness and willingness to assume the re-

sponsibilities of parenthood. Accord *Doe v. Chambers*, 188 Ga. App. 879 (1), 880 (374 SE2d 758) (1988). Under the circumstances, we are constrained to hold that the trial court erred in awarding Cawvey permanent custody of the child, and we accordingly reverse the judgment of the trial court with direction that custody be awarded to Hall on at least a temporary basis.

In reaching this decision, we sympathize with the appellee's desire to maintain contact with the child and to safeguard his welfare and happiness, and we note that the trial court is both authorized and encouraged by statute to award reasonable visitation privileges to her as a grandparent. See OCGA §§ 19-7-3 (c); 19-9-3 (d). We assume that such will be done in this case and are hopeful that the exercise of such privileges by her, along with continued monitoring by the Department of Family & Children Services, will serve to protect the child from any deleterious effects which might otherwise result from this decision.

3. The trial court further erred in ordering Hall to pay Ms. Cawvey $4,062 as reimbursement for certain expenditures allegedly made by her on behalf of the child, inasmuch as no such relief was sought by her in her counterclaim, and she indicated during the hearing that she was not seeking such reimbursement. "It is well established that relief cannot be granted for matter[s] not alleged or prayed for." *Pray v. Pray*, 223 Ga. 215 (154 SE2d 208) (1967).

4. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment affirmed in part and reversed in part, with direction. Carley, P. J., concurs in Divisions 1, and 3, and in the judgment, and Beasley, J., concurs in the judgment only.*

DECIDED MARCH 17, 1992 —
RECONSIDERATIONS DENIED APRIL 2, 1992 AND APRIL 15, 1992 —

*Lambert, Floyd & Conger, L. Catharine Cox*, for appellant.
*Gilbert J. Murrah*, for appellee.