S93A0512. MURPHY v. MURPHY.
(430 SE2d 749)

CLARKE, Chief Justice.

The parties were married in 1962. In May 1988, appellant wife filed a "petition for separate maintenance," in DeKalb Superior Court. This action was styled No. 8-6235-8. In her petition appellant sought custody of the parties' children as well as child support. Paragraph 8 of the petition states that "there is no pending action for divorce between the parties in this state." The parties entered into a

settlement agreement, dated March 28, 1989, resolving child custody and property rights. The preface to this agreement stated, that "the wife has filed a Petition for a Divorce against the husband." Paragraph 16 of the agreement provided, "[t]his agreement is made without in any manner consenting to a divorce between the Parties, but nothing herein shall be construed to bar or prevent either party from suing for absolute divorce . . . ." It is undisputed that while neither party filed a petition for divorce, on March 28, 1989, the trial court entered a judgment of divorce in Civil Action No. 8-6235-8, the case number assigned to appellant's petition for separate maintenance. The trial court incorporated the settlement agreement into the final judgment of divorce.

Appellee husband subsequently remarried. In 1991 he filed a modification action, seeking a decrease in his child support obligation. Appellant answered and counterclaimed, praying that appellee be held in contempt for failure to pay $17,000 in past due child support. In July 1992, over three years after the trial court entered the judgment of divorce, appellee filed a motion to set aside the judgment, maintaining that the appellant's failure to file a petition for divorce constituted a non-amendable defect appearing on the face of the pleadings which rendered the judgment void on its face under OCGA § 9-11-60. The trial court granted the appellee's motion to set aside on the ground that appellant's action for separate maintenance did not contain a prayer for divorce, and no divorce petition had subsequently been filed. We granted appellant's application for discretionary appeal to review that ruling. OCGA § 5-6-35 (a) (2). For reasons which follow, we reverse.

Appellee relies on *Wasden v. Rusco Indus.*, 233 Ga. 439, 444 (211 SE2d 733) (1975), to support his argument that the trial court correctly granted his motion to set aside. Taking the language from both OCGA § 9-11-60 (a) and (d) (3), the court held in *Wasden* that

> a judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by the verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed.

The Court went on to distinguish between those judgments which are void, and those which are merely voidable, concluding that a void judgment is "void *ab initio* whenever the defect is *apparent on its face*." (Emphasis supplied.) 233 Ga. at 445. Since a void judgment is a nullity, "[s]tatutes of limitation have no application to this class of judgments, and there can be no bar, estoppel or limitation as to the time when a void judgment may be attacked." Id.

OCGA § 9-11-60 (a) provides

A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section.

OCGA § 9-11-60 (d) (3) provides that a motion to set aside may be brought to set aside a judgment where "a nonamendable defect . . . appears on the face of the record or pleadings."

OCGA § 9-11-60 (f) which, we conclude, controls the case before us, provides, in part,

A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. Motions for new trial must be brought within the time prescribed by law. *In all other instances*, all motions to set aside judgments *shall be brought within three years from the entry of the judgment complained of*. (Emphasis supplied.)

We now conclude that the holding in *Wasden*, that a judgment void due to a non-amendable defect appearing on the face of the record may be set aside at any time, came as a result of the failure to recognize the correct definition of the term "void on its face" as its appears in subsection (a).

Subsection (f) establishes the exclusive time limitation for when a judgment is attacked by a motion to set aside. It provides that a judgment void for lack of subject matter[1] or personal jurisdiction may be attacked at any time, and further provides that in "all other instances," a motion to set aside a judgment must be filed within three years of entry of the judgment. This language is susceptible to only one interpretation. It plainly provides that the only judgments subject to attack after more than three years are those which lack subject matter or personal jurisdiction. We face the task of reconciling subsection (f) with subsection (a). Although a cursory reading might indicate a conflict between the two, they are shown to be in harmony when the phrase "void on its face," contained in subsection (a), is read to mean those judgments which lack either personal or subject matter jurisdiction. We think that the legislature intended that this meaning be given the statute so that its various subsections act in concert. Cf. *Smyrna Marine v. Stocks*, 172 Ga. App. 426 (323 SE2d 286) (1984). This interpretation renders subsections (a), (d) (3) and

---

[1] " 'Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the *class of cases* to which that particular case belongs.' "
*Nicholson v. State*, 261 Ga. 197, 199 (403 SE2d 42) (1991), quoting *Zeagler v. Zeagler*, 192 Ga. 453 (15 SE2d 478) (1941).

(f) totally consistent. While there is no time limitation on attacking a judgment "void on its face" due to lack of jurisdiction, there is a three-year time limitation on attacking all other judgments. Our holding here, of course, would limit collateral attacks provided for in subsection (a) to circumstances where the trial court lacks either subject matter or personal jurisdiction.

*Wasden* erroneously concluded that the judgment under consideration was "void on its face" within the meaning of subsection (a), when that judgment was, in fact, voidable under subsection (d) (3) because it contained a non-amendable defect appearing on the face of the record. Assuming that *Wasden* involved a direct attack, it reached the right result because the judgment was attacked within the three-year period of limitation under subsection (f). The inconsistencies in *Wasden* lie in its rationale, not in its result. To the extent that *Wasden* conflicts with this opinion, it is hereby overruled.

There is no contention in the case before us that the trial court which entered the judgment of divorce lacked either subject matter jurisdiction or personal jurisdiction over the parties. The appellant's failure to file a petition for divorce, and concomitant failure to notify appellee that a divorce was being sought, constituted a non-amendable defect appearing on the face of the pleadings.[2] The resulting judgment of divorce was subject to attack, but only within the three-year period of limitation provided by OCGA § 9-11-60 (f). Davis and Shulman, Georgia Practice & Procedure, Section 23-20 (6th ed. 1991). As appellee failed to make his attack within this time period, the trial court erred in granting his motion to set aside.

*Judgment reversed. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

I do not agree with the majority that a judgment void on its face for a reason other than lack of subject matter or personal jurisdiction is not subject to collateral attack more than three years after it has been rendered. In its attempt to reconcile perceived conflicts among subsections (a), (d), and (f) of OCGA § 9-11-60, the majority has equated a judgment "void on its face" under (a) with a judgment void for "[l]ack of jurisdiction over the person or the subject matter" under (d) (1), and applied the three-year limitation period in (f) to collateral attacks on judgments void for any reason not included in

---

[2] This court has held that failure to receive notice of a final hearing constitutes a non-amendable defect on the face of the record, subject to attack. *Coker v. Coker*, 251 Ga. 542 (307 SE2d 921) (1983); *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980). However, we have not held that such a judgment may be attacked outside the three-year time limitation of subsection (f) where there is no allegation that the trial court lacked personal jurisdiction or subject matter jurisdiction.

(d) (1). Because I would reconcile the subsections without limiting collateral attacks on void judgments under OCGA § 9-11-60 (a) in the manner set forth in the majority opinion, I must respectfully dissent.

The difficulty arises from language found in OCGA § 9-11-60 (f), which provides in pertinent part that

> [a] judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. . . . In all other instances, all motions to set aside judgments shall be brought within three years from entry of the judgment complained of.

Although there is no language in subsection (f) addressing either collateral attacks or judgments void on the face of the record under subsection (a), the majority squeezes (a) within (f) by redefining "void on its face" to mean only "void because of lack of jurisdiction of the person or subject matter." This interpretation ignores basic rules of statutory construction as well as established case law and the interplay of OCGA § 9-11-60 with OCGA § 9-12-16.

I would reconcile subsection (f) with subsection (a) by holding that (f) applies to direct attacks on judgments and does not encompass collateral attacks on judgments void on the face of the record. This construction is reasonable once it is recognized that not all void judgments reflect their nullity on the face of the record or the pleadings. A judgment apparently regular on its face can be shown to be void by evidence dehors the record, e.g., because the trial court improperly dispensed with the jury. *Canal Ins. Co. v. Cambron*, 240 Ga. 708 (3) (242 SE2d 32) (1978). A judgment apparently regular on its face can *also* be shown by evidence dehors the record to be void for lack of subject matter or personal jurisdiction. E.g., *Griffis v. Griffis*, 229 Ga. 587 (1) (193 SE2d 620) (1972) (divorce decree void for lack of jurisdiction where evidence presented during child custody habeas corpus proceeding established divorce decree had been entered in county where neither spouse resided). Because subsection (a) restricts collateral attacks to judgments void on the face of the record, basic statutory construction demands the conclusion that a judgment void for reasons not shown on the face of the record can be challenged only by a direct attack, i.e., a motion for new trial under subsection (b) or a motion to set aside under subsection (d). Accord *Porter v. Johnson*, 242 Ga. 188 (2) (249 SE2d 608) (1978); *First Fid. Ins. Corp. v. Busbia*, 128 Ga. App. 485, 486 (197 SE2d 396) (1973). The "void because of lack of jurisdiction of the person or subject matter" language in subsection (f), which the majority mistakenly construes as applying to subsection (a) despite the fact that it tracks almost verbatim the language in subsection (d) (1) (motions to set aside for "[l]ack of juris-

diction over the person or the subject matter"), was necessary not in order to *include* in the three-year limitation period *collateral* attacks within the ambit of (f), but rather was necessary in order to *exempt* from that three-year period *direct* attacks under (d) (1) on judgments void for lack of jurisdiction when the nullity is *not* shown on the face of the record.

When construed in this manner, it is apparent that the language in subsection (f) excepting judgments void for lack of jurisdiction from the limitation period was not intended to encompass collateral attacks under subsection (a), but instead was meant to eliminate the distinction drawn between judgments void on the face and void dehors the record where lack of jurisdiction is the cause of the nullity so that the limitation period would not apply to direct attacks under subsection (d) (1). This construction is consistent with the provisions of OCGA § 9-12-16,[3] which "this court has consistently [held] allow[s] attacks on judgments on the ground that they are void at any time, however long after the rendition of the judgment. [Cits.]" *Mason v. Carter*, 223 Ga. 2, 4 (2) (153 SE2d 162) (1967), overruled on other grounds, *Watson v. Watson*, 235 Ga. 136, 138 (218 SE2d 863) (1975). It further avoids the problem in the majority's interpretation equating subsection (a) with subsection (d) (1), that of violating the rule of construction which forbids that two provisos should be treated as having no more scope or significance than one of them would have if standing alone. *Butterworth v. Butterworth*, 227 Ga. 301, 304 (180 SE2d 549) (1971).

Applying this construction of OCGA § 9-11-60 to the case at bar, I would affirm the trial court's ruling. We have held that a challenge to a void judgment, when raised in defense to a motion to enforce that judgment by contempt, constitutes a proper collateral attack on the judgment. *Lambert v. Gilmer*, 228 Ga. 774 (187 SE2d 855) (1972). Appellee's motion, although denominated a "motion to set aside the judgment," was expressly made pursuant to OCGA § 9-11-60 (a) on the basis that the judgment was void and, applying the well established rule that " 'in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name,' [cit.]" *Frost v. Frost*, 235 Ga. 672, 674 (1) (221 SE2d 567) (1975), I would find appellee's defensive pleading indistinguishable from the motion filed by the former hus-

---

[3] OCGA § 9-12-16 (former Code Ann. § 110-709) provides that

[t]he judgment of a court having no jurisdiction of the person or the subject matter *or which is void for any other cause* is a mere nullity and may be so held in any court *when it becomes material to the interest of the parties to consider it.*

(Emphasis supplied.) OCGA § 9-12-16, which embodies a principle that has been the law of this State since 1863, Ga. L. 1863, p. 659, § 3513, was not repealed by the enactment of the Civil Practice Act. See Ga. L. 1966, pp. 609, 687; see also *Canal Ins. Co.*, supra at 711 (3).

band in *Lambert,* supra, which this court held to be a collateral attack on an alimony judgment. Furthermore, as in *Lambert,* I would conclude that the judgment entered by the court was void on its face. In *Lambert,* the petition for divorce had contained no demand for alimony. Although the former husband had been served the divorce petition, he had filed no defense and there had been no trial at which evidence could have been introduced to amend the pleadings. In the case at bar, it is uncontroverted that no petition or pleading was filed by either party requesting the relief (i.e., the divorce) granted by the court; the record establishes that appellant never answered any "divorce petition" or filed any pleadings in response to such petition; and there was no evidentiary hearing at which the pleadings could have been amended to add the divorce issue. It is a basic principle that a court pronounces its decree "secundum allegata et probata," i.e., according to the pleadings and evidence, *Robson v. Harwell,* 6 Ga. 589 (1) (1849), and hence relief cannot be granted for a matter not alleged or requested. *Hall v. Cawvey,* 204 Ga. App. 8, 11 (3) (418 SE2d 77) (1992). Judgments violating that principle are void. *Lambert,* supra.

Therefore, because I would hold that the three-year limitation period in OCGA § 9-11-60 (f) does not apply to collateral attacks on judgments void on the face of the record brought pursuant to OCGA § 9-11-60 (a), and because I would find that appellee collaterally attacked a void judgment, I would affirm the trial court's ruling.

DECIDED JUNE 28, 1993 —
RECONSIDERATION DENIED JULY 15, 1993.

*Lamberth, Bonapfel, Cifelli, Wilson & Stokes, Jerrell P. Rosenbluth,* for appellant.
*Davis & Davis, Jefferson J. Davis,* for appellee.