A06A2176. IN THE INTEREST OF H. E. M. et al., children.
(641 SE2d 597)

SMITH, Presiding Judge.

The maternal great-grandparents of H. E. M. and K. L. M. ("appellants") appeal from the juvenile court's order denying their motion to intervene in this deprivation action. Because a trial court's ruling on a motion to intervene must be appealed according to the provisions of OCGA § 5-6-34 governing interlocutory appeals, we dismiss this appeal.

The father of H. E. M. and K. L. M. was arrested for numerous felony offenses, and both parents admitted smoking methamphetamine in the children's presence. The trial court ordered the children taken into immediate custody, and a deprivation petition was filed. The parents executed documents acknowledging that the children

---

were deprived. After a hearing, the juvenile court issued a temporary placement order awarding custody to the Whitfield County Department of Family and Children Services ("DFACS"). DFACS established a reunification case plan for the children, and that plan was adopted by the juvenile court. A supplemental order entered after a citizen panel review continued placement and acknowledged that DFACS continued to seek reunification.

Meanwhile, three sets of relatives, including appellants, filed motions to intervene seeking custody of the children. The first two motions were dismissed without prejudice, either voluntarily or for lack of prosecution. After a hearing, during which both parents and the appellants were present, the juvenile court denied appellants' motion to intervene. Appellants filed a notice of appeal, but the record contains no certificate of immediate review. The case remains pending below, and no final order has been entered.

"The denial of a motion to intervene is not a final judgment and thus, is reviewable under the interlocutory appeal procedure. See OCGA § 5-6-34; *Wallace v. Bledsoe*, 244 Ga. 674 (261 SE2d 399) (1979); *Atlanta Dev. Co. v. Peel & Sons*, 189 Ga. App. 453 (377 SE2d 552) (1988)." *Morman v. Bd. of Regents &c. of Ga.*, 198 Ga. App. 544 (402 SE2d 320) (1991). "Since the order appealed from is not a final judgment, and the interlocutory appeal procedure specified by OCGA § 5-6-34 (b) has not been followed, the appeal must be dismissed." (Citation and punctuation omitted.) *Atlanta Dev. Co.*, supra at 453.

*Appeal dismissed. Ruffin and Phipps, JJ., concur.*

DECIDED JANUARY 31, 2007.

*Richard K. Murray*, for appellants.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Bruce A. Kling*, for appellee.