A07A1274. RICE et al. v. CHAMPION BUILDINGS, INC.
(654 SE2d 390)

RUFFIN, Judge.

This case provides yet another example of the dangers inherent in pro se litigation. After the trial court entered a default judgment

---

[13] See *Harris v. Abney*, 208 Ga. 588, 589 (2) (68 SE2d 577) (1952).

against the Flying "R" Ranch, Inc. ("Flying R"), the Rices — the sole owners of the corporation — sought to have the judgment declared void. The trial court denied the motion, and this appeal followed. As the trial court ruled correctly, we affirm.

Champion Buildings, Inc. sued Flying R, alleging breach of contract and promissory estoppel. Kathryn W. Rice and J. Andrew Rice, the officers of the corporation, filed a pro se answer on behalf of Flying R. Champion moved to strike the answer and for entry of a default judgment, which the trial court granted. The Rices appeal, arguing that the trial court erred in: (1) denying their motion to intervene; (2) exercising jurisdiction in the case and granting a default judgment to Champion; (3) awarding attorney fees to Champion; and (4) denying their "Third Party Motion to Declare Order Void."

The record shows that Champion entered into two contracts for the sale of metal buildings. One contract lists the buyer as "Flying 'R' Ranch, Inc. c/o Andy & Taffy Rice" and the other lists the buyer as "Flying 'R' Ranch c/o Andy & Taffy Rice"; both were signed by "Taffy and Andrew Rice." On December 20, 2004, Champion filed its breach of contract action against Flying R. The Rices filed a pro se answer and counterclaim on behalf of the corporation, signing as "Owner, Flying R Ranch, Inc., Appearing Pro Se." On February 10, 2005, Champion moved to strike Flying R's answer and counterclaim on the grounds that the Rices were not licensed attorneys and moved for default judgment. The trial court scheduled a hearing on the motion for March 24, 2005.

The Rices did not obtain counsel for Flying R. Instead, on the day of the hearing, Mr. Rice attempted to file a motion to intervene with the clerk of court, but the clerk advised him that because the case file had already been sent to the courtroom, Rice would have to file the motion in open court. According to Rice, the clerk also told him that "there was a [c]lerk in the courtroom who could stamp the [m]otion filed for the record." When Rice attempted to submit the motion to intervene during the hearing, the judge refused to accept it and advised that Mr. Rice could "file a motion."

At the hearing, the Rices argued that Champion's claims against Flying R should have been dismissed because the contracts were signed by the Rices, not by or on behalf of the corporation. Although the trial court suggested that the Rices' argument might have been meritorious, it explained that the law was clear that only an attorney can represent a corporation in a court of record, and thus, any such defense should have been asserted by a lawyer on behalf of the

corporation.[1] The court granted Champion's motion to strike and entered a default judgment against Flying R, but urged the Rices to retain counsel.[2] The Rices did not appeal the default judgment, but instead filed in the trial court a Third Party Motion to Declare Order Void, which the trial court denied on September 26, 2005.

1. The Rices allege that the trial court erred in refusing to allow them to intervene in the case "as the true owners of the property in question." Specifically, the Rices maintain that the trial court improperly refused to allow them to file their motion to intervene and that the trial court had "a binding, non-discretionary duty to join [them] as co-defendants . . . pursuant to OCGA § 9-11-19 (a)." Champion contends that the trial court denied the Rices' oral motion to intervene at the hearing, and that because the Rices failed to file a timely notice of appeal of that ruling, we have no jurisdiction to consider their challenge to the denial of the motion.

We conclude that the Rices never properly filed or asserted a motion to intervene. Although Champion contends that the Rices made a verbal motion to intervene that was denied by the trial court, this contention is belied by the record.[3] The transcript makes clear that the Rices *attempted* to tender a written motion, which the trial court declined to accept from the bench. The Rices never made any other attempt to file a written motion, and they concede no such motion was ever filed either by them or the attorney that the trial court urged them to obtain. On appeal, the Rices argue the trial court had a duty to join them as parties pursuant to OCGA § 9-11-19 (a). But we cannot consider these arguments, "for this court will review and correct only such error as was made in the trial court."[4] Thus, the Rices' failure to properly file the motion dooms their enumeration on appeal.

The Rices' argument that the trial court erred in refusing to allow them to file their motion to intervene also provides no basis for relief. OCGA § 9-11-24 (c) provides that "[a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Code

---

[1] See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) ("only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record").

[2] See id.; *Columbus Transmission Co. v. Murry*, 277 Ga. App. 243, 244 (1) (626 SE2d 202) (2006) (default judgment properly granted where registered agent and shareholder file pro se answer on behalf of corporation).

[3] A separate judge entered the subsequent September 26, 2005 order in this case denying the Rices' motion to declare the judgment void, and specifically found that at the March 24 hearing, the Rices "attempted to move to intervene" and the judge presiding over that hearing "denied the [Rices'] motion orally." This finding is not supported by the transcript of the March 24 hearing.

[4] (Citation and punctuation omitted.) *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411 (1) (393 SE2d 479) (1990).

Section 9-11-5." OCGA § 9-11-5 (e) states that pleadings shall be filed "with the clerk of the court, except that the judge *may* permit the papers to be filed with him."[5] Thus, although the trial court in this case was authorized to permit the Rices to file their motion with him, he was not required to do so.[6] And there is no evidence that the Rices were precluded from filing their motion to intervene with the clerk before or after the day of the hearing, or with the clerk that was apparently present in the courtroom during the hearing.[7] Thus, this enumeration presents no basis for reversal.

2. The Rices challenge the trial court's jurisdiction, arguing that the contracts at issue contained a "binding" forum selection clause requiring any litigation to be brought in North Carolina. Champion counters that we cannot consider this argument because the Rices failed to file a timely notice of appeal of the default judgment or the purported denial of their motion to intervene.

OCGA § 9-11-60 (a) provides that "[a] judgment void on its face may be attacked in any court by any person." Collateral attacks made pursuant to that subsection are restricted to "those judgments which lack either personal or subject matter jurisdiction."[8] On appeal, the Rices argue that the trial court lacked personal jurisdiction to enter the default judgment based on the following language contained in the contracts:

> This contract shall be governed by and construed in accordance with the laws of North Carolina. Buyer agrees that any suit, action[,] or proceeding arising out of or relating to this contract shall be instituted exclusively in Courts of Wilkes County, Wilkesboro, NC. Buyer [h]ereby waives any objection it may have to the laying of venue in such court.

Forum selection clauses "are essentially no more than contractual provisions, and as such may be waived."[9] Here, Champion waived the forum selection clause when it filed this case in Georgia.[10] As the named defendant, Flying R "waived the clause when it failed to file an answer or motion to dismiss and allowed the entry of a

---

[5] Emphasis supplied.

[6] See *Hannula v. Ramey*, 177 Ga. App. 512, 513 (1) (339 SE2d 735) (1986); *Vanderbreggen v. Hodge*, 171 Ga. App. 868 (2) (321 SE2d 218) (1984); *Smith v. Forrester*, 145 Ga. App. 281, 283 (243 SE2d 575) (1978).

[7] See *Vanderbreggen*, supra.

[8] *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993).

[9] *Euler-Siac S.P.A. v. Drama Marble Co.*, 274 Ga. App. 252, 254 (1) (617 SE2d 203) (2005).

[10] See id.

default judgment."[11] Mr. Rice was served in this case as the registered agent for Flying R, and he and Mrs. Rice purported to file an answer on behalf of the corporate defendant, admitting that jurisdiction and venue were proper in Georgia. The Rices also attempted to assert counterclaims against Champion on behalf of Flying R. In so doing, they waived any right to challenge personal jurisdiction based on the forum selection clause.[12] Notwithstanding the waiver of the forum selection clause, the Rices and Flying R also waived defenses of personal jurisdiction and venue by failing to raise them at the earliest opportunity.[13] And, as nonparties to the underlying case, the Rices cannot otherwise appeal the default judgment against Flying R.[14]

3. The Rices also contend that the trial court abused its discretion in awarding attorney fees to Champion in the default judgment. Again, the Rices do not have standing to challenge the default judgment.[15]

4. Finally, the Rices enumerate that the trial court erred "in failing to read and properly adjudicate [their] Third Party Motion to Declare Order Void, and denying same." Pretermitting the Rices' arguments that the trial court failed to properly read and consider their motion, their collateral attack of the judgment fails as a matter of law, as set forth in Division 2.[16] Because the Rices never filed a post-judgment motion to intervene, their contention that the trial court failed to allow them to intervene after the entry of the judgment fails as well.

5. Our opinion in this matter renders moot Champion's motion to dismiss the Rices' appeal.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED OCTOBER 1, 2007 —
RECONSIDERATION DENIED NOVEMBER 28, 2007 —

Kathryn W. Rice, *pro se.*
J. Andrew Rice, *pro se.*

---

[11] Id.

[12] See id.

[13] See id. at 254-255.

[14] See OCGA § 5-6-33 (a) (1) ("Either party in any civil case and the defendant in any criminal proceeding in the superior, state, or city courts may appeal from any sentence, judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers."); *Coffield v. Kuperman*, 269 Ga. App. 432 (604 SE2d 288) (2004) (" '[O]nly a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so.' ").

[15] See OCGA § 5-6-33 (a) (1); *Coffield*, supra.

[16] See *Euler-Siac*, supra.

*Sutherland, Asbill & Brennan, Jesse W. Lincoln, Alexander C. Covey,* for appellee.