S08A2067. DAVIS v. DEUTSCHE BANK NATIONAL TRUST COMPANY et al.
(673 SE2d 221)

HINES, Justice.
This appeal is from the trial court's order denying Toni Davis's ("Davis") motion to intervene in a suit involving a deed to secure debt on real property. Finding that Davis failed to follow the necessary appellate procedures, we dismiss the appeal.
In 1978, Davis and her husband purchased real property on Bonway Drive, in Decatur, Georgia, and recorded a security deed in favor of the Phillips-Harrington Corporation. In 2004, Davis's daughters, Sondra Davis and Ronda Davis, received a loan from Ameriquest Mortgage Company ("Ameriquest") in the amount of $84,500, and executed a security deed on the Bonway Drive property in favor of Ameriquest; at the time, they averred that they were the

---

[3] We note that appellant's statements to the police *had* been edited, pursuant to his motion in limine. See Division 2, supra.

owners of the property. On July 15, 2005, Deutsche Bank National Trust Company ("Deutsche Bank"), as assignee of Ameriquest, filed a complaint against Sondra Davis and Ronda Davis on the loan, sought judicial foreclosure on the property, a decree of specific performance vesting title in Deutsche Bank under OCGA § 9-11-70, and damages for bad faith. On May 25, 2007, Davis moved to intervene in the suit; Deutsche Bank filed a response to Davis's motion to intervene and moved for partial summary judgment against Sondra Davis and Ronda Davis. In a single order, the trial court granted partial summary judgment to Deutsche Bank and denied Davis's motion to intervene; Davis then filed a notice of appeal.

Deutsche Bank asserts that Davis's direct appeal should be dismissed for failure to follow the interlocutory appeal procedures of OCGA § 5-6-34 (a). We agree. It has long been established that

> "[t]he denial of a motion to intervene is not a final judgment and thus, is reviewable under the interlocutory appeal procedure. See OCGA § 5-6-34; *Wallace v. Bledsoe*, 244 Ga. 674 (261 SE2d 399) (1979); *Atlanta Dev. Co. v. Peel & Sons*, 189 Ga. App. 453 (377 SE2d 552) (1988)." *Morman v. Bd. of Regents &c. of Ga.*, 198 Ga. App. 544 (402 SE2d 320) (1991).

*In the Interest of H. E. M.*, 283 Ga. App. 354, 355 (641 SE2d 597) (2007). See also *Coker Props., L.P. v. Brooks*, 278 Ga. 638 (604 SE2d 766) (2004); *Walls v. Walls*, 278 Ga. 206 (599 SE2d 173) (2004). Failure to comply with the requirements of OCGA § 5-6-34 (a) results in the dismissal of the appeal. *Rhymes v. East Atlanta Church of God, Inc.*, 284 Ga. 145 (663 SE2d 670) (2008).

The trial court's order both denied Davis's motion to intervene, and granted partial summary judgment to Deutsche Bank. Ordinarily, the grant of a partial summary judgment may be directly appealed. See OCGA § 9-11-56 (h). And, "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). However, these principles do not apply.

> [T]he grant of a motion for summary judgment in a multiparty case will not, standing alone, necessarily authorize the initiation of a direct appeal therefrom by any party to the underlying case. An appeal must be filed by one who has standing to pursue it. OCGA § 9-11-56 (h) " 'gives a *losing* party the right to a direct appeal from an order granting

summary judgment on any issue or as to any party even though the judgment is not final. . . . [Cit.]' [Cit.]"

*Shackelford v. Green*, 180 Ga. App. 617, 618 (349 SE2d 781) (1986), aff'd, *Shackelford v. Green*, 257 Ga. 9 (356 SE2d 27) (1987). As to the grant of summary judgment, Davis is not a "losing party"; she is, in fact, no party at all.

A notice of appeal must be filed from an *"appealable decision or judgment"* (emphasis supplied) OCGA § 5-6-38, and must be brought by one with standing to pursue the appeal. In other words, in addition to finality, the order or judgment must be appealable by the party filing the notice of appeal.

*Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 3 (456 SE2d 71) (1995). The trial court's joining of a ruling disposing of Davis's motion to intervene with a ruling granting summary judgment to one of the parties to the suit does not make Davis a party to the suit, and does not confer standing on her to appeal the grant of partial summary judgment to one of the parties. There is no order from which Davis has a right of direct appeal.[1]

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*Jammie Taire*, for appellant.
*Adorno & Yoss, Kurt R. Hilbert, Peter L. Lublin, Glen D. Rubin*, for appellees.

---

[1] One whose motion to intervene is denied is certainly not foreclosed from appealing that denial. Not only could Davis have sought an interlocutory appeal under OCGA § 5-6-34 (a), she can appeal from the final order in this case. See *Leone Hall Price Foundation v. Baker*, 276 Ga. 318 (577 SE2d 779) (2003); *Stephens v. McGarrity*, 290 Ga. App. 755, 757, n. 4 (660 SE2d 770) (2008).