# Court of Appeals
# of the State of Georgia

ATLANTA,  January 21, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0843.  IN THE INTEREST OF: C. E. F., A CHILD (GRANDMOTHER).**

The Department of Human Services petitioned to terminate the parental rights of the parents of C. E. F. The child's maternal grandmother filed a motion to intervene in the proceedings. The juvenile court denied the motion, and the grandmother appealed directly to this Court. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). The order denying the grandmother's motion to intervene was not a final, directly appealable order.[1] See *Davis v. Deutsche Bank National Trust Co.*, 285 Ga. 22, 23 (673 SE2d 221) (2009). Accordingly, the grandmother was required to comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) in order to obtain appellate review of the order at this juncture. Her failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.

---

[1] Nor did the order contain a finding of deprivation or make any custody ruling.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 01/21/2014
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*