# Court of Appeals
# of the State of Georgia

ATLANTA,   June 07, 2016

*The Court of Appeals hereby passes the following order:*

## A16A1785. CHRIS G. NICHOLSON v. BRENDA ELAINE MORRIS.

Brenda Elaine Morris filed a complaint for accounting, breach of fiduciary duty, fraud, conversion, to set aside a deed, punitive damages, and attorney's fees and expenses of litigation against Penny Roach Ettinger, Christopher Shultz and Celeste Price stemming from an alleged improper transfer of land held by a trust. Chris Nicholson filed a motion to intervene, a motion to recuse the trial judge, a motion to cancel lis pendens and a motion to cancel an attorney lien, all of which were denied. Nicholson then filed this direct appeal.[1] We lack jurisdiction.

First, the denial of a motion to intervene is not a final, directly appealable order. See *Davis v. Deutsche Bank National Trust Co.*, 285 Ga. 22, 23 (673 SE2d 221) (2009); *Morman v. Board of Regents of the University System of Georgia*, 198 Ga. App. 544 (402 SE2d 320) (1991). Accordingly, Nicholson was required to follow the interlocutory application procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court, to obtain appellate review at this time. See *Davis*, supra. Likewise, the denial of a motion to recuse is not a final judgment, and an appeal of such an order requires compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002).

Moreover, pretermitting whether direct appeals were authorized from the orders denying Nicholson's motions to cancel lis pendens and an attorney lien,

---

[1] The appeal was originally filed in the Supreme Court, which transferred the case to this Court after finding no basis for jurisdiction in the Supreme Court.

Nicholson has failed to timely appeal those orders. The orders were entered on August 17, 2015, and Nicholson did not file a notice of appeal from those orders until October 14, 2015. A notice of appeal must be filed within 30 days of the entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Here, Nicholson filed his notice of appeal from these orders 58 days after entry of the orders. Consequently, his appeal is untimely as to these two orders.

Based on the foregoing, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____06/07/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*