**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 27, 2017**

# In the Court of Appeals of Georgia

A17A1148. LIBERTY MUTUAL FIRE INSURANCE COMPANY
v. QUIROGA-SAENZ.

BRANCH, Judge.

In August 2013, Maria Quiroga-Saenz rear-ended a car driven by her sister Armandina. On the day after Armandina obtained a default judgment of $1 million against Maria arising from this accident, Maria's insurer, Liberty Mutual Fire Insurance Company, retained counsel for Maria, who filed an answer and moved to set aside the default judgment. As part of a settlement with Armandina, however, Maria later withdrew the motion to set aside. Liberty Mutual then moved to intervene on grounds including that Maria had abandoned her own defense. On appeal, Liberty Mutual argues that the trial court did not have jurisdiction to enter the default

judgment and erred when it denied Liberty Mutual's motion to intervene. We agree with the second of these contentions, and we therefore reverse.

The relevant facts are not in dispute. On August 28, 2013, Maria and Armandina were on their way to a social function when Maria drove her car into the back of her sister's car, causing $1,762.25 in damage to that car. Although Armandina did not seek medical treatment on the day of the accident, she eventually incurred approximately $5,000 in medical expenses arising from it.

In April 2015, Armandina filed a negligence complaint against Maria and provided a courtesy copy of the complaint to Liberty Mutual. On May 20, 2015, and although service on Maria had not yet been achieved, Armandina's counsel sent Liberty Mutual a written request to settle Armandina's claim for $25,000, including her medical expenses and her pain and suffering.

On August 7, 2015, Liberty Mutual sent Maria a letter advising her that the insurer "ha[d] reason to believe [that] a lawsuit may be [or] ha[s] been filed against" her by Armandina. The letter asked that Maria forward any materials she might receive concerning the lawsuit to Liberty Mutual and reserved Liberty Mutual's rights under the policy. Maria was served on October 7, 2015 – six months after the complaint was filed, and six weeks after the expiration of the two-year statute of

2

limitation.[1] The return of service was filed on Thursday, November 5, 2015. Maria did not file an answer by Monday, December 7, 2015,[2] however, such that the case went into default on the following day, Tuesday, December 8.[3]

Liberty Mutual states on appeal that it learned on December 14, 2015, that service had been effected on Maria, and that it retained counsel for Maria the following day. Maria's first counsel averred, however, that neither he nor anyone at his firm received "any pleadings on record with the Clerk of Court," including the motion for default judgment and the default judgment, "until the afternoon of December 22, 2015." OCGA § 9-11-55 (a) provides that "[i]f [a] case is still in default *after the expiration of the period of 15 days*, the plaintiff at any time

---

[1] See OCGA § 9-3-33 (setting two-year limitation period for "actions for injuries to the person").

[2] See OCGA §§ 9-11-12 (a) ("A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute"), 9-11-4 (h) ("If [a plaintiff's] proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed"); OCGA § 9-11-6 (a), citing OCGA § 1-3-1 (d) (3) ("if the last day [for computing time under OCGA § 1-3-1] falls on Saturday or Sunday, the party having [a] privilege or duty shall have through the following Monday to exercise the privilege or discharge the duty").

[3] See OCGA §§ 9-11-55 (a) ("If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law.").

3

*thereafter* shall be entitled to verdict and judgment by default." (Emphasis supplied.) On Tuesday, December 22, however — only fourteen days after the case went into default[4] — Armanida moved for and obtained a default judgment against Maria in the amount of $1 million. On the following day (the fifteenth after default), Wednesday, December 23, Maria filed an answer asserting defenses including the statute of limitation and also moved to "vacate or set aside" the default judgment. On the same day, Liberty Mutual notified its insured, Maria's husband, that it was reserving its "right to seek a declaration of its rights and duties under the policy regarding defense and/or indemnity," including Maria's failure to cooperate "in the investigation, settlement or defense" of Armanida's claim.

On December 28, 2015, Armanida sent a letter to Maria's counsel offering not to enforce the default judgment against Maria in exchange for Maria's assignment of her claims against Liberty Mutual, as well as a promise that Maria not seek to set aside or appeal the default judgment, with this offer expiring on January 7, 2016. On

---

[4] See OCGA § 1-3-1 (d) (3) ("when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty.")

4

January 6, 2016, Maria's original counsel withdrew and her new counsel appeared, with Maria's written consent. On January 7, Maria's new counsel moved to amend her previous motion to set aside the default judgment, arguing inter alia that the default judgment was void as entered before the expiration of the 15-day period for opening default as a matter of right. On the same day, however, Maria apparently accepted Armandina's offer of settlement, assigning Maria's claims against Liberty Mutual to Armandina and promising not to set aside or appeal the default judgment.[5]

On January 18, Liberty Mutual moved to intervene in Armandina's action, arguing that by assigning her claims to Armandina, Maria had abandoned meritorious defenses (including the applicable statute of limitation) to Liberty Mutual's detriment. On January 26, Maria's new counsel represented to the trial court that "the parties have resolved any or all issues between them" and withdrew Maria's motion to set aside the default judgment, "waiv[ing] any and all rights of appeal that she may have in connection with this matter."

On July 14, 2016, the trial court denied Liberty Mutual's motion to intervene on the grounds that (1) Armandina's counsel had "no obligation" to notify Maria that Armandina was seeking a default judgment; (2) Liberty Mutual had not conceded that

_____

[5] The record does not contain an executed copy of Maria's assignment.

5

it owed any obligation to Maria under the policy, and thus had not experienced any impairment in interest; and (3) Liberty Mutual had retained "two separate law firms to represent [Maria], yet waited almost a month after receiving notice of service and default before hiring its own counsel" to file the motion to intervene. This appeal followed.[6]

1. Liberty Mutual first argues that the trial court must set aside its default judgment against Maria because her 15-day period to open default as a matter of right had not yet expired when the trial court entered the judgment, with the result that the trial court lost its subject matter jurisdiction. We disagree.

Liberty Mutual is correct that the trial court erroneously entered the default judgment prematurely under the terms of OCGA § 9-11-55 (a).[7] However, "[a]n

---

[6] We have previously denied Armandina's motion to dismiss this appeal. See *Burruss v. Ferdinand*, 245 Ga. App. 203 (1) (536 SE2d 555) (2000) (when the denial of a motion to intervene is a "final judgment" in the case, a direct appeal is authorized by OCGA § 5-6-34 (a) (1)); compare *Davis v. Deutsche Bank Nat. Trust Co*., 285 Ga. 22, 23-24 (673 SE2d 221) (2009) (when an order denying a motion to intervene was entered before final judgment, it was reviewable only via the interlocutory appeal procedure of OCGA § 5-6-34 (b)).

[7] The trial court also erred when it calculated the 15-day period within which default could be opened as running from October 7, 2015. The period for opening default only began to run on November 5, when proof of service of Armandina's complaint was filed. See OCGA § 9-11-4 (h) (if proof of service not filed within five business days of service, "the time for the party to answer the process shall not begin to run until such proof of service is filed").

appeal must be filed by one who has standing to pursue it." *Davis*, 285 Ga. at 23 (citations omitted). As to the default judgment, Liberty Mutual "is not a 'losing party'; . . . in fact, [it] is no party at all." Id. at 24; see also *Rice v. Champion Bldgs.*, 288 Ga. App. 597, 601 (2) (654 SE2d 390) (2007) (as non-parties to case culminating in a default judgment, appellants could not appeal that judgment). Liberty Mutual not being a party to Armanida's action against Maria, it had no right to appeal the default judgment entered in that action. *Davis*, 285 Ga. at 24 (dismissing appeal); *Rice*, 288 Ga. App. at 601 (2).

While it is true that a non-party can collaterally attack a judgment void on its face, this trial court's default judgment is not void, but rather voidable.[8] See *Logan v. Nunnelly*, 128 Ga. App. 43, 46 (195 SE2d 659) (1973) (where a judgment "did not show *on its face* that it was void for lack of jurisdiction of the subject matter or of the parties[,] it would only be subject to direct attack"). Only consideration of the evidence outlined above concerning the timeline of service, proof of service, and failure to answer would show that this default judgment was entered prematurely;

---

[8] See OCGA § 9-11-60 (a) ("A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section.").

accordingly, it is voidable rather than facially void. See *Murphy v. Murphy*, 263 Ga. 280, 282-283 (430 SE2d 749) (1003) (a judgment was not open to collateral attack under OCGA § 9-11-60 (a), but would have been open to a timely direct attack as containing a non-amendable defect).

2. Liberty Mutual also asserts that the trial court erred when it denied its motion to intervene. We agree.

OCGA § 9-11-24 sets out the standards for rightful and permissive intervention, as follows:

> (a) *Intervention as of right.* Upon timely application[,] anyone shall be permitted to intervene in an action[ ] (1) [w]hen a statute confers an unconditional right to intervene[,] or (2) [w]hen the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) *Permissive intervention.* Upon timely application anyone may be permitted to intervene in an action[] (1) [w]hen a statute confers a conditional right to intervene[,] or (2) [w]hen an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion[,] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

8

We begin with analyzing whether Liberty Mutual had a right to intervene under OCGA § 9-11-24 (a). An applicant will not be permitted to intervene in an action unless he can show "(1) an interest relating to the property or transaction which is the subject matter of the action, (2) an impairment of his interest which may result from an unfavorable disposition of the lawsuit to which intervention is sought, and (3) inadequate representation of this interest by the parties now involved in the lawsuit." *Brown v. Truluck*, 239 Ga. 105, 106 (236 SE2d 60) (1977). As we noted long ago, moreover, "[i]ntervention must be timely, whether asserted as a right or as a matter of discretion." *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 958 (3) (216 SE2d 897) (1975) (citations omitted). "Intervention after judgment is not usually permitted[,] and to justify it requires a strong showing" such as the preservation of "some right which cannot otherwise be protected." *Sta-Power*, 134 Ga. App. at 958-959 (3)."Whether a motion to intervene is timely is a decision entrusted to the sound discretion of the trial court." *Kroger v. Taylor*, 320 Ga. App. 298, 298 (739 SE2d 767) (2013) (citations and punctuation omitted).

(a) First, we find that Liberty Mutual's motion to intervene was timely. The trial court found that Liberty Mutual waited a month after hiring counsel to move to

intervene.[9] Liberty Mutual hired counsel immediately after learning that Maria had been served, however, and counsel's uncontradicted testimony was that he filed Maria's answer and moved to set aside the default judgment only one day after learning of that judgment. Further, only on January 7, 2016, when Maria apparently entered into a settlement with her sister, including the withdrawal of the motion to set aside, was Liberty Mutual on notice that Maria was actively undermining the insurer's effort to defend against that judgment such that it would be required to intervene, which it moved to do on January 18, 2016 — 11 days after Maria entered into the settlement, and before her attorney withdrew the motion to set aside. Under these undisputed facts, we cannot agree that the motion to intervene was untimely, and we hold that the trial court abused its discretion in so holding. *Stephens v. McGarrity*, 290 Ga. App. 755, 758 (1) (a) (660 SE2d 770) (2008) (trial court abused its discretion denying motion to intervene when an interested party to a settlement objected to the settlement within 10 days and moved to intervene within 21 days).

---

[9] Once counsel had been retained, he owed duties of care and loyalty, including advice as to Maria's contractual responsibility to assist in her defense, to her alone, and not to Liberty Mutual. See Georgia Rules of Professional Conduct, Rule 5.4 (c) ("A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.").

10

(b) We also conclude that, upon Maria's settlement, Liberty Mutual's ability to protect its interest was impaired or impeded.

Although Liberty Mutual has not given notice of or filed a declaratory action concerning its and Maria's respective responsibilities under the policy issued to Maria's husband, the couple had "timely unilateral notice of" and implicitly consented to Liberty Mutual's reservation of rights. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 218 (1) (231 SE2d 245) (1976) (an insurer who has discovered "facts possibly constituting grounds of noncoverage" may either "enter into a bilateral reservation of rights agreement with its insured" or, if the insured refuses to enter into such an agreement, "giv[e] the insured a timely unilateral notice of its reservation and nonwaiver of rights" as well as "notice of its intention to seek immediate declaratory relief"); see also *Kelly v. Lloyd's of London*, 255 Ga. 291, 293-294 (336 SE2d 772) (1985) (insurer who had filed an answer with reservation of rights and then a declaratory judgment 14 days later did not prejudice an insured or waive its own rights by doing so).

Despite Liberty Mutual's reservation of rights against Maria and her husband, and thus against Armandina in any future action, however, it is not assured of an opportunity to defend any such suit by the only means possible — that is, by

11

attacking the default judgment. First, as we have explained in Division 1, Liberty Mutual, then and still a non-party, had no power to set the default judgment aside under OCGA § 9-11-60 (d). See *Rice*, supra, 288 Ga. App. at 601 (2) (a non-party had no standing to set aside a default judgment entered against a party in the underlying suit). Second, any future action by Armandina to enforce the default judgment might well be brought in a foreign court, or even a Georgia court, different than that which rendered the original default judgment, in which case Liberty Mutual would not be authorized to attack it. OCGA § 9-11-60 (b) ("[a] judgment may be attacked by [a] motion . . . to set aside . . . only in the court of rendition"); see also *State Auto Mut. Ins. Co. v. Relocation & Corporate Housing Svcs.*, 287 Ga. App. 575, 577-578 (3) (651 SE2d 829) (2007) (a trial court lacked subject matter jurisdiction over judgment debtor's action for contribution against its former co-defendants because that action attempted a collateral attack on a prior judgment "not void on its face").[10] Third, Liberty Mutual's inability to attack the default judgment directly might also nullify a possible and viable defense — that is, that Armandina had not succeeded in serving

---

[10] As our Supreme Court has recently noted, "The nature of [a trial court's] inherent power [to set aside] is . . . [an] ability to change its *own* mind, not to set aside an otherwise enforceable judgment entered by an entirely different court[.]" *Lemcon USA Corp. v. Icon Technology Consulting*, — Ga. — (804 SE2d 347) (2017) (emphasis in original).

her complaint within the applicable statute of limitation. See, e.g., *Lawrence v. Noltimier*, 213 Ga. App. 628, 629 (445 SE2d 378) (1994) (affirming grant of summary judgment when trial court had made a discretionary determination that plaintiff who had filed a complaint within the statute of limitation had nonetheless failed to show diligence in serving defendant 166 days after the statute had expired).

Under these circumstances, we must conclude that Liberty Mutual is "so situated" by the sisters' settlement that "the disposition of [Armandina's] original action" — including the entry of the default judgment against Maria, her settlement with Armandina, the consequent withdrawal of the motion to set aside, and the denial of Liberty Mutual's motion to intervene — "may as a practical matter impair or impede [the insurer's] ability to protect its interest," which is not "adequately represented by existing parties." OCGA § 9-11-24 (a) (2). The trial court thus abused its discretion when it denied Liberty Mutual's motion to intervene as untimely and unmeritorious.

*Judgment reversed. McFadden, P. J., and Bethel, J., concur.*

13