# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0450.  IN THE INTEREST OF D. G., A CHILD.**

In this child dependency proceeding, former foster parent Keith Becker filed a motion to intervene and a motion for custody, seeking to challenge a decision by the Department of Family and Children's Services to remove D. G.[1] from Becker's home and place the child with a different foster family, and to rescind its approval for Becker to adopt the child.[2] The juvenile court denied the motion on November 26, 2018. Becker then filed a motion for reconsideration, which the juvenile court denied on March 27, 2019. Becker filed the instant application for discretionary appeal on April 24, 2019. We, however, lack jurisdiction.

The denial of a motion to intervene is not a final, directly appealable order. See *Davis v. Deutsche Bank Nat. Trust Co.*, 285 Ga. 22, 23 (673 SE2d 221) (2009); *Morman v. Bd. of Regents of the Univ. System of Ga.*, 198 Ga. App. 544, 544 (402 SE2d 320) (1991). Because the case remains pending below, Becker was required to follow the interlocutory application procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the juvenile court, to obtain appellate review at this time. See *In the Interest of H. E. M.*, 283 Ga. App. 354, 355 (641 SE2d 597) (2007) (dismissing appeal from juvenile court's order denying

---

[1] According to the application materials, D. G. is Becker's stepbrother's son. D. G.'s father surrendered his parental rights in September 2017, and his mother surrendered her parental rights in April 2016. However, neither parent's parental rights to D. G. has yet to be formally terminated.

[2] In his motion, Becker maintained his intention to adopt D. G.

maternal grandparents' motion to intervene in a deprivation proceeding, in which they sought custody of their two grandchildren, based on the appellants' failure to follow the interlocutory appeal procedure). Although Becker filed an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2),[3] compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Becker's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,    05/16/2019*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*

---

[3] Even assuming that Becker properly proceeded by filing a discretionary application here, his application would be due to dismissed as untimely as it was filed 149 days after entry of the juvenile court's order denying his motion to intervene. See OCGA § 5-6-35 (d) (to be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed). Moreover, "[i]t is well established that the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable and does not extend the time for filing a notice of appeal." *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).