**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 6, 2022**

# In the Court of Appeals of Georgia

A22A0536. SOMANI et al v. CANNON et al.

PHIPPS, Senior Appellate Judge.

Following our grant of their application for interlocutory review, defendants Hameed Somani, individually and formerly d/b/a Royal Food Store #4, and Somani Enterprises, Inc., appeal from the denial of their motion to dismiss this action for wrongful death and related claims. See *Somani v. Cannon*, Case No. A21I0141 (Mar. 12, 2021). The defendants contend that the trial court erred when it ruled that the causes of action in the plaintiffs' complaint are not barred by the applicable statute of limitation. For the reasons that follow, we disagree and affirm.

The following facts appear to be undisputed on the current record, at least for purposes of the defendants' motion to dismiss. On November 28, 2014, Kathryn Cannon, her husband Jerry Cannon, and their daughter Rose Cannon were killed in

an automobile collision. In October 2015, Louise Cannon adopted Kathryn's sole surviving child, Zachary Cannon, who was born in May 2005. In February 2018, Louise was appointed Zachary's conservator, and, on June 12, 2018, she was named the permanent administrator of Kathryn's estate.

In the interim, in October 2015, Zachary , as Kathryn's child and Rose's sibling (through Louise, as his custodian and next friend), and Susan Parker, as the temporary administrator of Kathryn's estate, sued three other defendants (who are not parties to this appeal) for wrongful death and estate claims arising out of the November 2014 automobile collision (the "2015 Action"). The parties settled, and the plaintiffs in the 2015 Action dismissed that lawsuit in June 2020.

The current action began on June 10, 2020, when Zachary, as Kathryn's child (again through Louise, now as his conservator), and Louise, now as the permanent administrator of Kathryn's estate, filed suit, alleging that the defendants' sale of alcohol to a driver involved in the November 2014 collision was a proximate cause of Kathryn's injuries and death.[1] Zachary seeks damages for the wrongful death of Kathryn, while Louise (on behalf of Kathryn's estate) seeks damages for Kathryn's pain, suffering, and funeral, burial, and medical expenses.

---

[1] The defendants were served two days later, on June 12, 2020.

The defendants moved to dismiss the June 2020 complaint as time-barred under OCGA § 9-3-33,[2] which requires actions for injuries to the person to be filed no later than two years after the right of action accrues. The trial court denied the motion to dismiss on grounds that: (i) under OCGA § 9-3-90 (a), the statute of limitation for Zachary's claims is tolled until he reaches the age of majority; (ii) under OCGA § 9-3-92, the statute of limitation for the estate's claims was tolled until Louise was appointed its permanent administrator in June 2018; and (iii) the filing of the 2015 Action had no effect on those tolling provisions. This interlocutory appeal followed.

We review de novo a trial court's ruling on a motion to dismiss, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor, to determine whether the complaint's allegations "disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." *Moats v. Mendez*, 349 Ga. App. 811, 812-813 (824 SE2d 808) (2019) (citation and punctuation omitted). Whether a statute of limitation bars an action generally is a mixed question of law and fact, but the question is one of law where, as here, the pertinent facts are not disputed. *Harrison v. McAfee*, 338 Ga. App. 393, 395 (2) (788

---

[2] Unless otherwise noted, all statutes cited in this opinion are the versions in effect in 2014, at the time of the automobile collision that killed Kathryn.

SE2d 872) (2016). "The plaintiff bears the burden of establishing that a statute of limitation has been tolled." Id.

1. On appeal, the defendants first challenge the trial court's ruling that Zachary's wrongful death claim is not time-barred. They contend that the tolling of the statute of limitation under OCGA § 9-3-90 (a) ended when the 2015 Action was filed and that the deadline to file suit therefore expired two years later in October 2017.[3] We disagree.

As stated above, actions for injuries to the person must be filed no later than two years after the right of action accrues. OCGA § 9-3-33. That limitation period applies to claims for wrongful death. *DeKalb Med. Center v. Hawkins*, 288 Ga. App. 840, 845 (2) (a) (655 SE2d 823) (2007), disapproved in part on other grounds by *Harrison*, 338 Ga. App. at 395-396 (2) (a). The version of OCGA § 9-3-90 (a) in effect in 2014 provided: "Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." "Thus, OCGA § 9-3-90 (a) tolls the running

---

[3] The defendant's assertion in a subheading in their appellate brief that the statute of limitation for Zachary's wrongful death claim expired on "October 7, 2021" appears to be an isolated scrivener's error.

4

of the OCGA § 9-3-33 statute of limitation when the plaintiff lacks the capacity to sue due to minority." *DeKalb Med. Center*, 288 Ga. App. at 845 (2) (a).

Whether the filing of a lawsuit ends tolling under OCGA § 9-3-90 (a) and starts the running of the statute of limitation depends on whether the plaintiff's incapacity is the result of age or intellectual disability. When a lawsuit is filed on behalf of an intellectually disabled plaintiff, tolling under OCGA § 9-3-90 (a) no longer applies, and the statute of limitation begins to run for the claims at issue. *Harper v. Patterson*, 270 Ga. App. 437, 438-439 (1) (b) (606 SE2d 887) (2004); *Price v. Dept. of Transp.*, 214 Ga. App. 85, 88-89 (1) (446 SE2d 749) (1994). The filing of a lawsuit on behalf of a minor plaintiff, however, has no effect on tolling under OCGA § 9-3-90 (a) and thus does not cause the statute of limitation to begin to run. See *Barnum v. Martin*, 135 Ga. App. 712, 715-716 (2) (219 SE2d 341) (1975) (holding that a suit brought by a minor through a next friend did not start the running of a statute of limitation as to the claims at issue, because the disability of infancy for such purposes "is *only* removed when the party affected reaches his lawful majority") (citation and punctuation omitted), disapproved in part on other grounds by *Dept. of Pub. Safety v. Ragsdale*, 308 Ga. 210, 214-215, nn. 7, 9 (839 SE2d 541) (2020); accord *Mitchell v. Hamilton*, 228 Ga. App. 850, 852 (3) (493 SE2d 41) (1997) (holding that "[t]he

5

statute of limitation does not run against an unemancipated minor" but rather "is tolled until [the child] attains majority," "even though the child is represented by a next friend or guardian ad litem"), overruled in part on other grounds by *Van Omen v. Lopresti*, 357 Ga. App. 9, 14 (2), n. 2 (849 SE2d 758) (2020); *Price*, 214 Ga. App. at 87-88 (1) (implicitly approving of the trial court's recognition that: (a) "under OCGA § 9-3-90, in the instance of a minor, the disability is not removed until she attains her lawful majority, any actions taken on her behalf by a guardian or next friend notwithstanding" and (b) "the difference in the tolling provisions for minors and legal incompetents [is] rational, since while a person's status as a minor terminate[s] at a certain time, with legal incompetency the condition might remain a lifetime").

In light of the above authorities, the trial court did not err when it concluded that the statute of limitation as to Zachary's wrongful death claim remains tolled while he is a minor. We therefore affirm the trial court's ruling that Zachary's wrongful death claim is not time-barred.

2. The defendants further challenge the trial court's ruling that Louise's estate claims are timely. They contend that the tolling of the statute of limitation under OCGA § 9-3-92 ended when the 2015 Action was filed and that the deadline to file

suit therefore expired two years later in October 2017.[4] In that regard, the defendants maintain that, as a result of the actions of Parker (the temporary administrator) in filing the 2015 Action, the estate is collaterally estopped from claiming otherwise. We again disagree.

(a) OCGA § 9-3-92 provides, in relevant part:

The time between the death of a person and the commencement of representation upon his estate or between the termination of one administration and the commencement of another shall not be counted against his estate in calculating any limitation applicable to the bringing of an action, provided that such time shall not exceed five years. . . .

Thus, statutes of limitation against unrepresented estates "are tolled between the death of a person and the appointment of a representative" for up to five years. *Hayes v. Hines*, 347 Ga. App. 802, 807 (2) (821 SE2d 52) (2018) (citation and punctuation omitted) (physical precedent only). Importantly, "only the qualification of a permanent administrator constitutes representation upon the estate so as to trigger the revival of a tolled statute of limitations." Id. (citation and punctuation omitted);

---

[4] The parties agree that the two-year statute of limitation under OCGA § 9-3-33 also applies to the estate claims for Kathryn's pain, suffering, and funeral, burial, and medical expenses. See generally *Liberty Mut. Fire Ins. Co. v. Quiroga-Saenz*, 343 Ga. App. 494, 495 & n. 1 (807 SE2d 460) (2017); *Mujkic v. Lam*, 342 Ga. App. 693, 694-695 (804 SE2d 706) (2017).

7

accord *Deller v. Smith*, 250 Ga. 157, 158-163 (1) (b) (296 SE2d 49) (1982) (addressing Code Ann. §§ 3-803 and 3-804, the predecessors to OCGA §§ 9-3-92 and 9-3-93).[5] The appointment of a temporary administrator therefore does not result in the representation of the estate for purposes of the tolling provision of OCGA § 9-3-92. *Kitchens v. Brusman*, 280 Ga. App. 163, 166 (2) (633 SE2d 585) (2006); accord *Deller*, 250 Ga. at 158-163 (1) (b); *Miller v. Merrill Lynch, Pierce, Fenner & Smith*, 572 FSupp. 1180, 1186 (IV) (N.D. Ga. 1983) (a temporary administrator "is not considered a representative of the estate for the purposes of the tolling provision" of OCGA § 9-3-92, which remains in effect until a permanent administrator is appointed). Consequently, the statute of limitation as to the estate claims remained tolled from Kathryn's death until Louise was named the permanent administrator of her estate on June 12, 2018, less than two years before the current action began on June 10, 2020.

---

[5] OCGA § 9-3-93 provides:

The time between the death of a person and the commencement of representation upon his estate or between the termination of one administration and the commencement of another shall not be counted against creditors of his estate, provided that such time does not exceed five years. At the expiration of the five years the limitation shall commence.

(b) Nevertheless, the defendants argue that, by filing the 2015 Action, Parker acted as a de facto permanent administrator, which renders the estate collaterally estopped from claiming that it was not fully represented at that time. "The doctrine of collateral estoppel precludes the readjudication of an issue of law or fact already adjudicated between the parties or their privies, where that issue is essential to the judgment." *Malloy v. State*, 293 Ga. 350, 354 (2) (a) (744 SE2d 778) (2013) (citation and punctuation omitted). Thus, "[t]he issue sought to be precluded must actually have been litigated and decided in [a prior] action before collateral estoppel would bar it from being considered in [a later] action, or the issue necessarily had to be decided in order for the previous judgment to have been rendered." *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 547 (629 SE2d 260) (2006) (emphases omitted).

Here, the absence of a judgment in the 2015 Action — which was dismissed after the parties settled — defeats the defendants' collateral estoppel claim. See *Malloy*, 293 Ga. at 354 (2) (a); *Karan, Inc.*, 280 Ga. at 547. That is because without a judgment, no issues were actually or necessarily litigated and decided in the 2015 Action, such as whether Parker lacked the authority to file that action and/or whether,

9

by prosecuting that action, she acted as a de facto permanent administrator. Consequently, we affirm the trial court's ruling that Louise's estate claim is timely.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*