# Court of Appeals
# of the State of Georgia

ATLANTA, August 15, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0030. PATRICIA BECKFORD v. U.S. BANK TRUST NATIONAL ASSOCIATION, AS OWNER TRUSTEE FOR RCF 2 ACQUSITION TRUST.**

Non-party Patricia Beckford moved in the trial court to intervene in this quiet title action. The court denied the motion. Beckford filed a motion for reconsideration and a motion to remove the case from the trial calendar. The court denied the motion for reconsideration and found that Beckford did not have standing to seek a continuance. Beckford appeals. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" Here, the record reflects that the case remains pending below. To obtain immediate review of the trial court's order, therefore, Beckford was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016); see also *Morman v. Bd. of Regents of the Univ. System of Ga.*, 198 Ga. App. 544, 544 (402 SE2d 320) (1991) ("The denial of a motion to intervene is not a final judgment and thus, is reviewable under the interlocutory appeal procedure[s]" delineated in OCGA § 5-6-34 (b)). Beckford's

failure to follow those procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  08/15/2024

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Not only could Beckford have sought an interlocutory appeal under OCGA § 5-6-34 (b), the denial of her motion to intervene may be reviewable as part of the timely review of a subsequent final judgment. See *Davis v. Deutsche Bank Nat'l Trust Co.*, 285 Ga. 22, 24 n. 1 (673 SE2d 221) (2009).