# Court of Appeals
# of the State of Georgia

ATLANTA, June 04, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1408. KRISHNAKANT CHAUHAN et al v. CARLOS MEDINA.**

In this civil case, the trial court issued an order granting in part and denying in part the motion for summary judgment filed by defendants Krishnakant Chauhan and King Capital Fund, LLC, and granting the plaintiff's motion to add a party. Chauhan and King Capital Fund then filed this direct appeal claiming, among other things that the trial court erred by not granting their motion for summary judgment. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Because the case here remains pending below and the trial court did not enter judgment pursuant to OCGA § 9-11-54 (b), the appellants were required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the trial court's order. See OCGA § 5-6-34 (b); *Serco Co. v. Choice Bumper, Inc.*, 199 Ga. App. 846 (406 SE2d 276) (1991). And "[t]he grant of a motion for summary judgment . . . will not, standing alone,

necessarily authorize the initiation of a direct appeal therefrom by any party to the underlying case. An appeal must be filed by one who has standing to pursue it. OCGA § 9–11–56 (h) gives a *losing* party the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final." *Davis v. Deutsche Bank Natl. Trust Co.*, 285 Ga. 22, 23-24 (673 SE2d 221) (2009) (punctuation omitted; emphasis in original). Thus, the appellants here may not directly appeal the trial court's grant of summary judgment in their favor and then challenge the court's adverse rulings. See id. at 24.

The appellants' failure to use the interlocutory appeal procedures deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Serco* Co., 199 Ga. App. at 846.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__06/04/2025_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*